190  417
23 SC 4537

190  417
d211 1471

190  417
f 28 SC 4535

190  417
137SU 4208
</div>

# Nellie Swope and Monica Doorley *v.* Patrick F. Donnelly, Administrator of the Estate of Mary R. Donnelly, deceased, Appellant.

*Wills—Probate—Issue devisavit vel non—Forgery—Evidence—Declarations of testator.*

 In an issue devisavit vel non, declarations of the decedent, whether
made before or after the date of a will, are not in themselves sufficient
either to establish the execution of the will, or to overcome the testimony
of the subscribing witnesses.    They are admissible only for the purpose
of corroborating the direct proof of its execution, and their admission
should be carefully guarded, and their effect as corroborative evidence
clearly defined.

  VOL. CXC—27

Where a will attacked on the ground of forgery is dated in December, and its execution is proved by a number of witnesses, declarations of the decedent made in the preceding October as to the existence and provisions of another will, and her satisfaction with the same, are inadmissible.

Where an alleged will is attacked on the ground of forgery, declarations of decedent made five years before her death, and before the date of the execution of the alleged will, that she intended to make a will disposing of her property in a certain way, are inadmissible.

*Practice, Supreme Court—Assignments of error.*

An assignment of error alleging that the court erred in admitting certain evidence, without setting forth the evidence, is not in compliance with the rules of the Supreme Court, and will not be considered.

Argued Jan. 18, 1899. Appeal, No. 289, Jan. T., 1898, by defendant, from judgment of C. P. No. 4, Phila. County, June T., 1896, No. 1083, on verdict for plaintiff. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Reversed.

Issue devisavit vel non. Before ARNOLD, P. J.

At the trial it appeared that Mary R. Donnelly died on December 25, 1893. A paper alleged to be the will of decedent was dated December 10, 1893, and under its provisions Nellie Swope and Monica Doorley were the residuary legatees. The paper was attacked by the decedent's husband, Patrick F. Donnelly, as a forgery. Four witnesses testified to the execution of the paper.

Emma Witherspoon, called by plaintiffs, in answer to the question " Q. What disposition did she (Mary Donnelly) tell you she was going to make of her property? " testified, under objection and exception, that in October, 1893, she had a conversation with deceased, as follows:

" I said to her, ' Have you made your will, Mrs. Donnelly?' She says, ' I have. I have it here,' and held up her grip. I said, ' Well, I hope you have made it to satisfy yourself.' She said, ' I certainly have. I have left my sister well provided for.' She didn't mention to me the figure. ' I have left my sister well provided for,' and she says, ' My husband, I want him to have just what the law will allow, for he has already had sufficient of my money. I don't want any of my money to get in my husband's family. I want the balance of my hard earnings to go in my own family.' That was the conversation; we parted, Mrs. Donnelly and I, on my step. Nothing further."

Mary Muldoon, called by plaintiffs, testified, under objection and exception, that about five years before her death, deceased had said to witness that she wished her money to go to her own people; that she would not leave a dollar to her husband if the law did not compel her to do so. She also testified that on one occasion she had gone with decedent to a lawyer about making her will.

Verdict and judgment for plaintiffs.

*Errors assigned* as originally were (1) in permitting the following question to be answered by Emma Witherspoon, a witness called by plaintiff, viz: "Q. What disposition did she (Mary R. Donnelly) tell you she was going to make of her property;" (2) in allowing plaintiffs to show by Mary Muldoon declarations of the decedent, Mary R. Donnelly, as to the disposition of her estate; (3) in allowing plaintiffs to show declarations of Mary R. Donnelly, prior to the date of the alleged will, as to her intended disposition of her property.

The amendments of the first and second specifications are shown by the opinion of the Supreme Court.

*E. Cooper Shapley*, for appellant.—The clear rule, in cases of wills, is that while the declarations of the testator, made at or about the time of the execution of a will, are admissible in evidence to show the state of his mind at the time the will was made, they are not admissible as evidence of the facts stated by him: Rusling v. Rusling, 36 N. J. Eq. 603; Jones v. McLellan, 76 Me. 49; Lang's Estate, 65 Cal. 19; Moritz v. Brough, 16 S. & R. 403; Rule v. Maupin, 84 Mo. 587; Canada's Appeal, 47 Conn. 450; Comstock v. Hadlyme Ecclesiastical Society, 8 Conn. 254; Robinson v. Hutchinson, 26 Vt. 38; Dickie v. Carter, 42 Ill. 376; Bates v. Bates, 27 Iowa, 110; Thompson v. Updegraff, 3 W. Va. 629; Dinges v. Branson, 14 W. Va. 100; Waterman v. Whitney, 11 N. Y. 161; Landis v. Landis, 1 Grant, 248; Taylor Will Case, 10 Abb. Pr. Rep. (N. S.) 300; Johnson v. Brown, 51 Texas, 65; Beadles v. Alexander, 9 Baxter, 604; Hoppe v. Byers, 60 Md. 381.

*Thomas James Meagher*, with him *Patrick Duffy*, for appellees.—Declarations of the testator are admissible when the will

is disputed on the ground of fraud, circumvention and forgery; Adams on Ejectment, 346; 1 Jarman on Wills (5th Am. ed.), 723; Stephen on Evidence, art. 29; 1 Roscoe's Nisi Prius Evidence, 55; 2 Taylor on Evidence, sec. 1136; McKelvey on Evidence, 214; Bradner on Evidence, 227; Ellis v. Hardy, 1 M. & Rob. 525; Hoppe v. Byers, 60 Md. 381; Turner v. Hand, 3 Wallace, Jr. 88; Tynan v. Paschal, 27 Tex. 286; Taylor Will Case, 10 Abb. Pr. Rep. (N. S.) 300; Beadles v. Alexander, 9 Baxter, 604; Johnson v. Brown, 51 Tex. 65; Gould v. Lakes, L. R. 6. Prob. Div. 1; Harp v. Parr, 48 N. E. Rep. 113; Sugden v. Lord St. Leonards, L. R. 1 Prob. Div. 154.

OPINION BY MR. JUSTICE FELL, March 27, 1899:

On the questions of testamentary capacity and fraud or undue influence in the procurement of a will, the declarations of a testator, not a part of the res gestæ, but so connected in point of time with the testamentary act as to justify an inference that they indicate the state of the testator's mind when the will was executed, are admissible in evidence. Such declarations may be direct proof on the question of testamentary capacity, but as tending to establish the fact of undue influence they are hearsay merely, and without force. They are however admissible on that question as tending to show the susceptibility of the testator's mind to the influences which surrounded him: Herster v. Herster, 122 Pa. 239; Wharton's Evidence, secs. 1009–1012; 1 Redfield on Wills, *551.

The proposition that the declarations of a testator as to his intentions are admissible where the will is disputed on the ground of fraud, circumvention or forgery, has received the general assent of text writers on the subject; but the cases in which such declarations have been admitted, where the only question was that of forgery, are few. The trend of decision seems to be very decidedly in favor of their admission in corroboration of direct proof of the execution of the will, whether made before or after its date. In Turner v. Hand, 3 Wallace, Jr. 88, proof was admitted of conversations had with the decedent, both before and after the date of the alleged will, for the purpose of showing among other things that the dispositions of property contained in the paper were wholly at variance with his often expressed testamentary intentions. In Tynan v. Paschal, 27

Texas, 286, declarations of the testator were said to be admissible to rebut the presumption of cancelation or revocation of a will arising from its loss or destruction before his death, and as tending in some degree to strengthen other proofs of its execution. The relevancy of such declarations was recognized in Johnson v. Brown, 51 Texas, 65, in a contest as to the genuineness of a will; and the declarations of the testator, made both before and after its date, expressive of ill-will or of kindness toward the beneficiaries, were admitted. In Hoppe v. Byers, 60 Md. 381, a very carefully considered case in which the authorities on the subject are reviewed, it was held that after the introduction of direct proof of the genuineness of the handwriting, met by direct proof to the contrary, declarations of the deceased corroborative of such direct proofs were admissible in evidence. A like ruling was made in Taylor Will Case, 10 Abb. Pr. Rep. (N. S.) 300.

In all of these cases it was said in effect that the proof of declarations was not in itself sufficient either to establish the execution of the will or to overcome the testimony of the subscribing witnesses, and that it was admissible only for the purpose of corroboration. In the opinion in Hoppe v. Byers, supra, it was said: " But in thus sustaining the ruling excepted to, it must be distinctly understood that we hold that such declarations would not be admissible if they stood alone, and had not been preceded by direct proof of witnesses to the genuineness of the handwriting. They are not to be taken as direct proof to establish the paper, but merely as corroborative of such direct proof, or as a circumstance in a case of this character, where such direct evidence has been first given, proper for the consideration of the jury." At the best this is a dangerous class of testimony, and its admission should be carefully guarded, and its effect as corroborative only should be clearly defined.

In this case the deceased, who was a married woman without children, died on December 25, 1893. The writing offered for probate is dated December 10, 1893, and by it all her property is given to her sisters and nieces, to the exclusion of her husband. The assignments of error are to the admission of declarations of the deceased made to witnesses before the execution of the writing as to the disposition which she intended to make

of her property. There was not the slightest limit as to the time when the declarations were made, and under general offers the witnesses were allowed to testify to conversations had at any time during the life of the deceased. This led to the introduction of testimony which was clearly irrelevant. One witness, Emma Witherspoon, testified to a conversation with the deceased in October preceding her death, in which she said she had executed a will, and then had it with her, in which she had provided for one of her sisters, and that she wished her husband to have only what the law would allow him. Another, Mary Muldoon, testified that the deceased had said to her that she wished her money to go to her people, and that she would not leave a dollar to her husband if the law did not compel her to do so; and that on one occasion she had gone with her to see a lawyer about making her will. This was about five years before her death. The writing in question, if genuine, was prepared by the deceased in the house of her sister about fifteen days before her death. The testimony of one of the witnesses tended to show that there had been a prior will; that of the other an intention to make a will, and perhaps that of both a general intent that her husband should receive only such share of her estate as the law would give him. But upon the real issue, whether a will had been executed in December, 1893, this testimony threw a very uncertain light, and it was altogether too vague and remote to be considered as corroborative of the testimony of the witnesses to the execution of the writing offered as a will. The fact that a will with which the deceased was satisfied was in existence in October could not be corroborative of testimony that another will had been executed in December, and the mere expression of an intention to make a will five years before would have no weight whatever.

In justice to the learned trial judge it should be said that many of the questions which elicited this irrelevant testimony were not objected to at the time, and he may have considered them as having been asked without objection. They came however without specific objections, under the general rulings on the subject, one of which was on the question, " What disposition did she tell you she was going to make of her property ? " And the other on an offer to prove declarations of the deceased made at any time.

Leave was given at the argument to amend the first and second assignments by adding thereto the testimony to the admission of which exceptions were taken at the trial. The third assignment is not in compliance with the rules of this Court, and will not be considered. The first and second assignments of error are sustained, and the judgment is reversed with a venire facias de novo.