## Richmond.

## SAMUEL AND OTHERS V. HUNTER'S EXECUTRIX.

### March 21, 1918.

1. APPEAL AND ERROR—*Admissibility of Evidence.*—Upon the trial of a cause involving the genuineness of a will, the contestants of the will offered a witness to prove certain declarations of the testatrix made subsequent to the date of the alleged will, accompanying the offer with an avowal by counsel that he expected to show by the witness that from the declarations of the testatrix, that the testatrix "could not have known of this will." The record did not show what the alleged declarations of the testatrix were, therefore the Supreme Court of Appeals must assume from the avowal that they were such as would have tended to show that the testatrix could not have known of the will.

2. WILLS—*Genuineness—Declarations of Testatrix.*—In a contest over the genuineness of a will, the declarations of the testatrix, standing alone, are not admissible as direct evidence to prove or disprove the genuineness of the will; but in all cases where its genuineness has been assailed by other proper evidence, the declarations are admissible as circumstances, either to strengthen or to weaken the assault, according to their inconsistency or their harmony with the existence or terms of the will.

Error to a judgment of the Circuit Court of the city of Norfolk upon an issue of *devisavit vel non.* Judgment for executrix, the proponent of the will. The contestants assign error.

*Reversed.*

The opinion states the case.

*R. R. Hicks,* for the plaintiffs in error.

*N. T. Green* and *Thomas H. Willcox, Sr.,* for the defendant in error.

KELLY, J., delivered the opinion of the court.

A writing purporting to be the will of Newtie E. Hunter, an elderly maiden lady, who resided in Norfolk and died there in 1914, was admitted to probate by the clerk of the circuit court of that city. Rosa S. Samuel and others, claiming to be the heirs at law of the alleged testatrix, appealed to the circuit court from the clerk's order of probate. Upon an issue *devisavit vel non* made up and tried in that court, there was a verdict and judgment in favor of the proponent, Mrs. Lydia A. Howe, the executrix and chief beneficiary under the will. Thereupon the contestants brought the case here for review.

The will was attacked upon the sole ground that it was not genuine, but had been forged through the procurement of Mrs. Howe. Miss Hunter's testamentary capacity was unquestioned, and it was not claimed that any undue influence had been exercised over her. At the trial the contestants offered a witness to prove certain statements of the testatrix made subsequent to the date of the alleged will, accompanying the offer with the following avowal by counsel:

"I expect to show by this witness, she, two weeks prior to her death, stated that she was going to leave her property to her heirs, or those who were near to her, and that she at that time, from the character of the language she used, could not have known of this will. Everything she said was contrary to the terms of the will at that time."

The only specific objection made to the testimony thus proffered was that it did "not show undue influence." That question was not involved. The record in the case and the oral and printed arguments of counsel in this court clearly

indicate that the trial court rejected this evidence on the ground that it could not be received for any purpose in a case involving merely the genuineness of the will. This ruling is assigned as error.

The record does not show what the alleged declarations of the testatrix were, and we must assume from the avowal that they were such as would have tended to show that she "could not have known of this will." The contention of counsel for plaintiffs in error is that, in a contest over the genuineness of a will, where there is independent evidence (as there is in this case) tending to show that the writing is a forgery, the declarations of the alleged testatrix, showing knowledge or lack of knowledge of the existence of such a will, are material as circumstances for the consideration of the jury.

The question thus presented does not seem to have been judicially determined in this State, but has been frequently passed upon in other jurisdictions. The authorities are not in accord upon the subject, but we are of opinion that the rule supported by the better reason and authority is that such declarations, standing alone, are not admissible as direct evidence to prove or disprove the genuineness of the will; but that in all cases where its genuineness has been assailed by other proper evidence, the declarations are admissible as circumstances, either to strengthen or to weaken the assault, according to their inconsistency or their harmony with the existence or terms of the will. This is the settled rule in England, and it is well supported by authority in this country. *Doe* v. *Palmer,* 16 Q. B. 747, 15 Jur. 836; 1 Wigmore on Ev., sec. 112; 3 Wigmore on Ev., sec. 1735; *State* v. *Ready,* 78 N. J. L. 599, 75 Atl. 564, 28 L. R. A. (N. S.) 240; *Hoppe* v. *Byers,* 60 Md. 381; *Johnson* v. *Brown,* 51 Tex. 65; *Swope* v. *Donnelly,* 190 Pa. 417, 42 Atl. 882; 70 Am. St. Rep. 637; Freeman's note, 107 Am. St. Rep. 460, 461-2.

We shall not review at length the authorities which we have cited. A satisfactory summary of the result of our investigation of this question is well expressed in the following quotation from *Swope* v. *Donnelly, supra:* "In all these cases it was said, in effect, that the proof of declarations was not in itself sufficient either to establish the execution of the will or to overcome the testimony of the subscribing witnesses, and that it was admissible only for the purpose of corroboration. In the opinion in *Hoppe* v. *Byers,* 60 Md. 381, it was said: 'But in thus sustaining the ruling excepted to, it must be distinctly understood that we hold that such declarations would not be admissible if they stood alone, and had not been preceded by direct proof of witnesses to the genuineness of the handwriting. They are not to be taken as direct proof to establish the paper, but merely as corroborative of such direct proof, or as a circumstance in a case of this character, where such direct evidence has been first given, proper for the consideration of the jury.' At the best, this is a dangerous class of testimony, and its admission should be carefully guarded, and its effect as corroborative only should be clearly defined."

In the instant case, it is true, the alleged declarations were offered in evidence in advance of the other proof tending to show forgery, but counsel for the proponent made no point of this, either in the court below or in this court. The mere order of proof is not usually material, and was not so in this case.

The leading case against the admissibility of evidence of the kind here in question, and the case chiefly relied upon by defendant in error, is *Throckmorton* v. *Holt,* 180 U. S. 552, 21 Sup. Ct. 474, 45 L. Ed. 663. The majority opinion in that case was prepared by Mr. Justice Peckham, and evinces much consideration and research. The value of the opinion, however, as a precedent is impaired, not only by what we think the unsatisfactory reasoning upon which

it is based, but by the fact that Mr. Justice (now Chief Justice) White, Mr. Justice Harlan and Mr. Justice McKenna dissented upon the point now before us, and Mr. Justice Brown concurred only in the result. Furthermore, the decision has been seriously criticised and questioned by very high authority. In *State* v. *Ready, supra,* Gummere, Chief Justice of the Court of Errors and Apepals of New Jersey, delivering the opinion, reviewed the cases cited by Mr. Justice Peckham and reached the conclusion that they do not support the principal case.

A note to section 1735 of Vol. 3 Wigmore on Evidence, refers to the opinion in *Throckmorton* v. *Holt* as "making the surprising statement that the 'weight of authority' is against the admissibility of the evidence in question;" and again, in the same work, Vol. 5, in a note to section 112 the following comment appears: "The only case ever intimating the contrary seems to be *Throckmorton* v. *Holt,* U. S., cited *post,* section 1734, n. 2. In *State* v. *Ready, supra,* the learned chief justice's statement that on this rule 'judicial sentiment is altogether out of harmony' and 'courts are divided,' is comprehensible only as an expression of delicate consideration for the Federal Supreme Court's lonesome decision of *Throckmorton* v. *Holt;* for the fact seems to be that *Throckmorton* v. *Holt* is the *only* case ever decided to the contrary; and the present opinion itself points out the inadequacy of the citation in *Throckmorton* v. *Holt* to sustain its decision."

Counsel for the proponent cite the case of *Wallen* v. *Wallen,* 107 Va. 131, 57 S. E. 596, to show that this court has approved the rule as announced in *Throckmorton* v. *Holt;* but no such effect can be ascribed to the former case. In *Wallen* v. *Wallen,* Judge Keith said: "The principle established seems to be that the declarations of the testator are admissible to show his mental condition or capacity, as well as his feelings and affection, but are inadmissible as proof

of the substantive fact of undue influence;" and cites *Throckmorton* v. *Holt* to sustain his statement of the law. There is no conflict between the conclusion reached by Judge Keith in *Wallen* v. *Wallen* and that which we have arrived at in the present case; indeed, the rule that declarations of a testator are not admissible to prove the substantive fact of undue influence, but are admissible to show the testator's mental condition, is entirely in harmony with the rule herein approved, that such declarations are not admissible to prove the substantive fact of forgery, but are admissible as showing the state of mind of the testator and his plan and intent as being consistent or inconsistent with a will, the genuineness of which is called in question by other proper evidence.

In our opinion it was error to exclude the testimony offered on behalf of the contestants.

We have carefully considered all the other assignments of error in the case, and are of opinion that they afford no ground for reversal, and require no further discussion.

For the error in excluding evidence, as pointed out above, the judgment must be reversed and the cause remanded for a new trial.

*Reversed.*