# William Coverdill *v.* George B. Heath and Ellen S. Heath, Contractors, Appellants.

*Evidence—Explanation of mistake in book entry.*

In a suit on a sci. fa. sur mechanic's lien evidence is admissible tending to explain an error in the charge made by plaintiff in his book account.

*Defective assignment—Rules of court.*

An assignment of error is defective which contains neither the testi-

mony of the witness bearing on the question, whether the book was one of original entry, nor any part of the account objected to.

An assignment of error is defective which gives only the offer of proof objected to and fails to give the evidence received to sustain the offer.

*Mechanic's lien—Sale on credit of building—Charge of court.*

The jury having been instructed that the plaintiff's books standing alone did not show a sale and delivery to the credit of the building, it is proper for the court at the same time to call attention to other evidence which if believed supplied the missing link indicated by the point.

*Mechanic's lien—Articles used in construction—Question for jury.*

The law does not impose upon the court the duty of deciding, as a matter of law, what can and what cannot be used in the erection of a building. This is a question for the jury.

Argued Oct. 4, 1899. Appeal, No. 78, Oct. T., 1899, by defendants, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1893, No. 109½, M. L. D., on verdict for plaintiff. Before Rice, P. J., Beaver, Orlady, Smith, W. W. Porter and Beeber, JJ. Affirmed. Opinion by Beeber, J.

Sci. fa. sur mechanic's lien. Before Beitler, J.

It appears from the record that apportioned liens for $94.68 were filed December 12, 1893, against two adjoining two-story buildings and lots of ground, etc. Sci. fa. was issued October 5, 1896. By agreement the two cases were tried as one. At the trial the court overruled objection of defendants' counsel to the following question of plaintiff's counsel to the witness, Howard Wolfingdon, on the stand:

[" Q. I see that that book contains a charge against Helen S. Heath, 88th and Erwig avenue. Is that charge against this lady here?

Objected to. Objection overruled. Exception to defendants.

" A. It was her that got the goods."] [1]

The court admitted in evidence the plaintiff's book containing the account against Helen S. Heath, the bill of exceptions being as follows:

Witness, Howard Wolfingdon, examined as to book.

[Mr. Wilkinson now offers the book in evidence.

Witness cross-examined and re-examined as to the book.

Mr. Sellers objects, in the first place, because it is not a book of original entry, and, in the second place, because the account

which appears here is not charged to the defendants, but to another person.

The Court: Are the blotters placed at the disposal of Mr. Sellers for cross-examination?

Mr. Wilkinson: Yes, sir.

Witness re-examined by Mr. Wilkinson.

Mr. Wilkinson now renews his offer of the book. Book admitted. Exception to defendants.

The account referred to in this assignment is as follows: (Account printed in full in appendix, p. 24.)] [2]

Plaintiff's counsel was permitted to submit evidence under the following offer against objection of defendants' counsel.

[Mr. Wilkinson: I propose to prove that the witness was offered a settlement of this claim; that subsequent to the delivery of the goods Mrs. Heath tried to mortgage the property and found she could not raise enough on mortgage to pay all the liens and claims of the mechanics, and that in order to settle the matter she offered him all the money she could appropriate towards the payment of his claim, which was about $10.00 short of the claim; that never until this affidavit of defense was filed was there any defense made to the justness of the claim.] [3]

Defendants submitted, inter alia, the following points:

[6. That the entries in the books of the claimant which have been offered in evidence do not show that the materials specified in his claim were sold and delivered on the credit of the defendants' building. *Answer:* I affirm that point, because the book is a mere entry of goods delivered. It is supplemented, however, by plaintiff's testimony that these goods were delivered after and in pursuance of the express contract with the defendants.] [5]

[7. That brushes, paint brushes, whitewash brushes, balls of twine, tin bucket, nail punch, bucket rim and poultry wire are not proper subjects of a mechanic's lien, and the claimant cannot recover in this suit for the price of any such articles. *Answer:* I affirm that, if you find from the evidence that these several articles were not materials used in or about the erection or construction of the buildings. If they were, the plaintiff has a claim for them.] [6]

[8. That under all the evidence in this cause the verdict of

the jury must be for the defendants. *Answer :* The last point I decline.] [7]

The court charged the jury as follows :

Gentlemen of the Jury : This is a lien, a mechanic's lien, filed against two properties and subsequently apportioned, with both suits tried here as one.

The law gives a claim to a man who furnishes material or who does work upon the credit of a building against that building for that which he has furnished or that which he has done.

[The plaintiff's contention is here that the defendant personally contracted with him for the delivery of such articles as she wanted to be used in the construction of these two houses, and that he subsequently gave to her, or gave to her son, the articles which are embraced in the lien. If that is so, he is entitled to claim against the property, and having filed his claim, he is entitled to a verdict here for the total amount of his claim, with interest from the various deliveries.] [4]

The jury rendered the following verdict : " Verdict for plaintiff, one lot, $62.72, the other, $62.72." On this verdict the court entered judgment. Defendants appealed.

*Errors assigned* were (1, 2) in ruling on evidence. (3) In overruling objection of defendants' counsel to the offer of plaintiff's counsel, reciting offer only. (4) To portion of the judge's charge, reciting same. (5–7) To answers of defendants' points, reciting same. (8) In entering judgment on the verdict.

*James C. Sellers,* for appellants.—The account was in form a ledger account. The testimony of the plaintiff's bookkeeper showed that he also kept a blotter, in which orders were entered in the first instance and afterwards copied into the ledger. This blotter was in court at the time of the trial, but the entries were not offered. It is submitted that the blotter was the plaintiff's book of original entry and the court was therefore in error in admitting the ledger account in evidence : Breinig v Meitzler, 23 Pa. 156.

But the account was also inadmissible because it was charged to neither of the defendants. Their names were George B.

Heath and Ellen S. Heath.    The charge was to Helen S. Heath. There was no evidence to connect the account with either of the defendants.    The only attempt to supplement the book was by asking the witness Wolfingdon the questions : "Q. Did you see Mrs. Ellen S. Heath at Mr. Coverdill's store?    A. I did. Q. I see that that book contains a charge against Helen S. Heath of 88th and Erwig avenue.    Is that charge against this lady here?"    Objected to.    Objection overruled.    Exception to defendants.    "A. It was her that got the goods."

It will not be pretended that a charge against Helen S. Heath can impose any liability upon George B. Heath.    Nor can such charge be used against Ellen S. Heath.    The names Helen and Ellen are essentially different, are spelt differently and are not even idem sonans.    Where similar cases have arisen, it has always been held that the names could not be recognized as identical.    Thus, Henry and Harry, Garrison v. People, 21 Ill. 535; Wilhelm and William, Becker v. Ins. Co., 68 Ill. 412; May and Mary, Kennedy v. Merriam, 70 Ill. 228; Catharine and Ratharine, Swails v. State, 7 Blackf. (Ind.) 324; John and Jonathan, Moore v. Davis, 58 Mich. 25; David and Daniel, Sweazy v. Nettles, 2 Mo. 6; Williston and Willison, Bull v. Franklin, 2 Spears (S. C.), 46.

The offer objected to in the third assignment was to show a proposition by the defendant Ellen S. Heath to compromise the bill of the plaintiff, for a lesser sum, in order to release her property from this claim.    This surely was not an admission of the correctness of his account or of his right to a lien.    The charge of the court was very brief, and, it is submitted, very inadequate.    The court should have instructed the jury that the offer objected to was not the subject of mechanic's lien.    It is submitted that a separate verdict should have been rendered but only one verdict was actually rendered and it does not appear under which of the two writs.    It is true it is divided, but it is neither clear nor intelligible.    Judgment therefore having been entered on an irregular verdict, improperly admitted evidence and proofs that are almost entirely lacking in the essential facts required to establish a claim under the mechanics' lien law of this state, should be reversed.

*Alfred J. Wilkinson,* with him *A. Lewis Smith,* for appellee.

OPINION BY BEEBER, J., November 20, 1899:

The first assignment of error is to the admission of the testimony of plaintiff's bookkeeper to the effect that the charge in the book, although against Helen S. Heath, was in reality against the defendant. He was asked whether the charge was against "this lady here," to which he answered, "It was her that got the goods." It had already appeared during the trial that the charge in the book had been made against Helen S. Heath, but that the goods were ordered by Ellen S. Heath, the defendant. The question was therefore a proper one designed to secure an explanation of this mistake in the charge. All doubt on the subject was subsequently removed by defendant's counsel on cross-examination of plaintiff when he drew from the latter the statement that he had told the defendant that he had opened this account with her. The second assignment of error need not be noticed as it is not in accordance with our rules. It contains neither the testimony of the witness bearing on the question whether the book was one of original entry, nor does it contain any part of the account objected to. The third assignment likewise violates our rule as it only gives the offer of proof objected to and fails to give the evidence received to sustain the offer. For aught that appears by this assignment there was nothing but an offer to prove something, which was objected to by defendant, whose objection was overruled and exception granted to her. If this is all that occurred she cannot very well complain that she has been injured. If the offer was followed by proof we ought to know what it was. Our rule if complied with would give us this information, but as it has not been observed we cannot consider this assignment.

We cannot agree that that part of the charge, embraced in the fourth assignment, is open to the numerous objections now made. It was a fair statement of the plaintiff's contention. So far as the objection is that the court erred in speaking of the materials delivered as used " in the construction of these two houses " and " embraced in the lien," it is sufficient answer to say that the evidence shows that the defendant herself made the contract for them with the plaintiff, and gave him the location of the houses, that the book account showed what the articles were, that the plaintiff testified, in cross-examination,

that he had filed a lien against two houses on this street, and that defendant's counsel admitted that the defendant was the owner of the premises described in the sci. fas. when the goods were ordered and the writs issued.   In addition it appears by the first, fifth, sixth and seventh points for charge submitted to the court by defendant that she was defending on the ground that no mechanics' liens could be filed against the two houses mentioned in the liens, for it was these two houses that were described in the writs which brought her into court.   In view of all this evidence it may be safely said that the court, the parties and the jury all understood that liens had been filed against defendant's two houses, which liens claimed to recover the value of the materials set forth in the book account, and it was therefore natural and proper for the court to speak of these materials as used in the construction of these two houses and embraced in the lien.

There is no merit in the fifth assignment.   The court was asked to say that plaintiff's books did not show that the materials specified in the claim were sold and delivered on the credit of the buildings.   This was affirmed, and in the answer the court further called the attention of the jury to the fact that the goods were delivered after and in pursuance of the contract made with the defendant.   It was proper for the court to do so.   The point was evidently designed to have the jury's attention called to the fact that the books, standing alone, did not show a sale and delivery to the credit of the buildings.   When the jury was so instructed it was right for the court, at the same time, to call its attention to other evidence which, if believed, supplied the missing link pointed out by the point.

The sixth assignment is to the answer of the court to the seventh point of the defendant asking that the jury should be instructed that brushes, balls of twine, tin bucket, nail punch, bucket rim and poultry wire were not proper items of a mechanic's lien and no recovery could be had.   As to some of the brushes, and all the balls of twine and poultry wire, the evidence shows that these articles were not embraced in the lien.   They were stricken out of the account when the lien was filed.   As to the tin bucket, nail punch, bucket rim and some paint or varnish brushes, it was plaintiff's evidence that these were ordered and furnished to the defendant or her son upon orders

from Mr. Heath, who was building the houses, and that they "went into the erection of these houses" against which he had filed a lien. Defendant offered no evidence to contradict this, in fact she offered no evidence whatever. Under such circumstances the court affirmed the point, unless the jury found from the evidence that these articles were materials used in or about the erection or construction of the buildings. Appellant argues that the court should have instructed the jury that these articles could not have been used for the erection or construction of the buildings. No authority has been cited to us nor have we been able to find any which shows that the court must decide, as matter of law, what can and what cannot be used in the erection and construction of a building. So far as the practice is known to us, it has always been to submit this question to the jury. What can or cannot be used in the erection and construction of a building would seem generally to be such a pure question of fact, that we are not prepared to say it was wrong for the court to have left it to the jury in the present case. The seventh assignment is to the refusal of the court to give binding instructions for the defendant. This needs no discussion. The eighth is to the entry of judgment on the verdict. The jury returned a verdict "for plaintiff, one lot, $62.72, the other, $62.72." By agreement the two sci. fas. were tried together before the same jury. The objection is that this verdict is neither clear nor intelligible. It seems both to us. The jury evidently meant to return a verdict against each lot for the sum named. If entered in that way it can do defendant no more harm than if it had been entered after the jury had returned a verdict containing an accurate description of the buildings erected upon the lots whose metes and bounds had been given. In any event we think it a mere irregularity which can be amended at any time by making it conform to the descriptions accurately set forth in the two sci. fas. on trial.

All the assignments of error are overruled.

Judgment affirmed.