# Winnett, Appellant, *v.* Carnegie Natural Gas Company.

*Pipe line companies—Expert testimony—Opinion of witness.*

In an action against a pipe line company to recover damages for injuries to land, a witness called to testify as to the value of the land, may express an opinion as to the money damages sustained, based upon what he saw and knew, but not upon what he had merely heard.

*Pipe line companies—Grant of right of way—Injuries to land.*

Where an owner of land grants to a pipe line company the right to lay its pipes under his land, the company is not liable for any damages to the owner if it lays its pipes within the limits of the right of way, according to the methods customarily adopted in prosecution of such undertakings, and without negligence.

Where an owner of land grants to a pipe line company the right to lay lines of pipe on his land, and wherever the word "line" is used it is used in the plural, the laying of one pipe line within the limits of the grant is not an exhaustion of the right, and the company may thereafter lay other lines.

If after such a grant the land changes ownership, and the new owner for a valuable consideration confirms the grant, he cannot prevent the company from laying new lines within the right of way, although he may never in fact have seen the original grant.

*Appeals—Assignments of error—Evidence.*

An assignment of error to a ruling admitting evidence is defective, which fails to set forth the evidence admitted, and will not be considered.

Argued April 21, 1908.  Appeal, No. 189, April T., 1908, by plaintiff, from judgment of C. P. Washington Co., Aug. T., 1906, No. 148, on verdict for plaintiff in case of J. H. Winnett *v.* The Carnegie Natural Gas Company.  Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.  Affirmed.

Trespass to recover damages for injuries to land alleged to have been sustained by the construction of a pipe line.

At the trial Thomas Hetherington, a witness for plaintiff, was asked this question:

"Q. Mr. Hetherington, admitting that the defendant com-
pany had laid a twenty-four inch gas line across Mr. Winnett's
farm in the spring and summer of 1906, then from what you
saw on the ground when you looked at it after the completion
of that line, give your estimate of the damages that he suf-
fered prior to the first of August of that year through the work
that was done there, and the manner in which the farm was
affected up to that time."

The question is objected to for the reason that it is not
competent to state a supposed case to the witness and have
him make an estimate on the basis of any supposed acts that
are to be assumed by him; that the question should be con-
fined to his estimate of the damages that he actually saw done
on the ground.

The Court: Objection sustained and offer overruled and bill
sealed for the plaintiff. [1]

The court charged in part as follows:

[Now the contention of the plaintiff is, first, that the com-
pany had no right to lay that twenty-four inch pipe line across
that farm for the reason, first, that they had no written grant
from Mr. Winnett, the plaintiff, allowing the laying of such a
line; and, second, that they had no right under their charter
for the reason that they had not filed any bond to secure him
his damages. The second complaint in the statement is that,
even granting that they had a written grant from Mr. Winnett
to lay the pipe line, they exceeded their rights under that
grant and in laying the line went outside of the limits that are
fixed by the grant, and in doing so destroyed and injured the
soil and the grain and the growing crops and fences and thus
damaged the plaintiff. Now, as I said before, that raises two
separate questions of fact and one of law.] [3]

[Now as to the special question. It is this: Taking it (on the
question of law reserved by the court) that the defendant
company had under the grants of right of way across the plain-
tiff's farm which it held and which have been introduced in
evidence in this case, the right to lay the additional pipe, did
the said company in laying said twenty-four inch pipe line

unlawfully go outside of the limits of the said various rights of way in its hauling, digging, and laying said line, and did it thus unlawfully injure the soil, the grass, the fences, the grain and growing crops upon said land to the damage of the plaintiff, and, if so, what was the amount of damages that he thus sustained?] [4]

Defendant presented this point:

2. If the jury find that the twenty-four inch pipe line, mentioned in plaintiff's statement of claim, was laid on the eight-foot strip of ground mentioned in the right-of-way grant, exhibit No. 2, and that the entries made, and the things done, outside of said strip, by the defendant's contractors and employees in connection with the laying of said pipe line, were all reasonably necessary as incidental to such laying, doing the same in the ordinary, usual and customary way of laying pipe lines, then the defendant is not liable for damages in this action, outside of those mentioned in the next point. *Answer:* That is affirmed as applied to a special question of fact which the jury are to determine, but as to the general issue it is refused, subject to the question of law reserved. [5]

The jury returned as follows:

(a) Verdict on general issue.

And now, to-wit: December 13, 1907, we, the jurors impaneled in the above-entitled case, find in favor of the plaintiff on the general issue in this case and assess the damages that he has sustained at $375, this finding being under the instruction of the court that the defendant company had no right under their various grants offered in evidence to lay the twenty-four inch line of pipe across the plaintiff's farm.

(b) Finding of jury on special question of fact submitted to them and returned as part of their verdict.

And now, to-wit: December 13, 1907, we, the jurors impaneled in the above-entitled case, find in favor of the plaintiff on the special question of fact submitted to us and that he sustained damage in the sum of $150 for injury unlawfully done to the soil, the grass, the fences, the grain, and the growing crops upon his farm outside of the limits of the various rights of way as described in the written grants offered in evi-

dence in this case and taking said grants to vest in the defendant company the right to lay the twenty-four inch pipe line.

On motion for judgment on the verdict the court made the following order:

And now, January 28, 1908, motion of plaintiff for judgment came on to be heard and was argued by counsel, whereupon it is ordered, adjudged and decreed: First. That the defendant company under the written contracts marked exhibits 1, 3 and "A" on the record of this case, had a right to lay the twenty-four inch line which was laid by it on or about June 1, 1906. Second. That in laying said line the only trespass they committed was to land outside of the eight feet right of way which they own and that judgment be entered in favor of the plaintiff and against the defendant in the sum of $150 and costs upon the special finding of fact returned by the jury.

*Errors assigned* were (1, 2) rulings on evidence; (3–5) above instructions; (7) the order of the court.

*John H. Murdoch*, with him *Edgar B. Murdoch*, for appellant.

*James I. Brownson*, for appellee.

OPINION BY HENDERSON, J., October 12, 1908:

The first assignment of error relates to the competency of the witness, Hethrington, to testify in regard to the amount of the plaintiff's damage. The action is trespass and the complaints were (a) that the defendant had entered without right on the plaintiff's land and constructed a pipe line; (b) that, conceding the defendant's right to lay the line under the grants set up by the latter, the work was not done wholly within the limits of the grants and the plaintiff was also injured by the negligent manner in which it was done. The action was brought August 1, 1906, at which time the trench had not been filled up. The damage to crops and to the fence had occurred earlier in the season. The witness referred to

was not at the premises until October of that year. The counsel for the plaintiff proposed to prove the money value of the injury sustained by the plaintiff from what the witness had heard of the injury as well as from what he had seen. The court admitted as much of the offer as related to what the witness saw and knew, but excluded any opinion formed from what the witness had heard. This action was clearly within the rule applicable in such cases. The broken fence, the wagon tracks, the clay thrown over the meadow and the abandoned pasture were physical facts observable by the eye and subjects of common experience. They did not create a necessity for the testimony of an expert on a hypothetical case. It may be that more damage would be done in laying a twenty-four inch pipe than one of smaller diameter, but the question is not to be determined theoretically from the size of the pipe, but by the conditions as they existed on the ground, and a witness who did not see how the work was done nor the crops injured was not qualified to speak of that which had not come under his observation. In order to render him competent to testify to the whole amount of damage sustained by the plaintiff it should be made to appear that he had personal knowledge of all the facts producing damage.

The second assignment is not in accordance with rule 16 of this court, which requires that when the error assigned is to the admission or rejection of evidence, the specification must quote not only the questions or offers and the ruling of the court thereon, but also the testimony admitted, together with a reference to the page of the paper-book where the matter may be found. An assignment of error to a ruling admitting evidence is defective which fails to set forth the evidence admitted, and will not be considered: Swope v. Donnelly, 190 Pa. 417; Coverdill v. Heath, 12 Pa. Superior Ct. 15. This subject has been so frequently referred to in decisions of the Supreme Court and this court that we do not deem it necessary to make further comment thereon.

We do not find any error in the answer of the court to the defendant's second point. The defense set up was that the plaintiff had granted to the defendant the right to lay the pipe

and that what was done was within the terms of the grant. It was not alleged that there was express authority to do everything that was done, but that there was implied in the grant authority to do the things necessarily incidental to the undertaking. This included the right to enter upon the land, remove fences for the transporting of pipe and other materials, excavate earth and perform any other acts necessary to the accomplishment of the object, subject, however, to the restriction on the defendant that the work be done with the least injury to the plaintiff and without negligence. This view of the defendant's right was presented in the point, and all that the court said in affirming it was that if the pipe was laid within the limits of the right of way, and what the defendant did in laying it was a reasonably necessary incident of the usual and customary way of doing that kind of work, then the defendant was not liable. This is a fair statement of the law applicable to the case. It was implied in the contract between the parties that the pipe should be laid according to the customary and usual way of doing that kind of work. To that standard, the defendant could be held and according to that standard it had a right to proceed. If the plaintiff could show that an unusual method of laying the pipe was adopted and one injurious to him, he might have done so, but if the defendant conducted the work according to the methods customarily adopted in the prosecution of such undertakings, with the exercise of reasonable care in so doing, there was no liability. The burden of proof was on the plaintiff to present a state of facts showing that the defendant had exceeded its privilege.

The remaining exceptions relate to the charge of the court. The case as presented by the plaintiff contained three alternative propositions: (1) that the defendant had no right to enter on the land to lay the pipe and was, therefore, liable for everything done thereon; (2) if the defendant had a right under its grants to lay the pipe it was liable for any injury done to the land, crops, fences, etc., not reasonably necessary in the performance of the work; and (3) if any part of the line was laid outside of the limits of the strip granted, the defendant was liable for that as a continuing trespass to the same extent

as if it had entered unlawfully. The appellant alleges that the court excluded from the consideration of the jury any injury resulting from the manner in which the work within the right of way was done and that the question of fact as to damage (assuming the right of the defendant to lay the pipe) was limited to injury done to the land outside of the right of way. The court might well have done this, for at the time the action was brought the trench was not filled nor the work completed, and the injury now alleged had not become a cause of action, but we do not understand the court to have so charged the jury. The instruction was that the defendant was only on the farm for a specific and limited purpose; that the plaintiff was the absolute owner of the land for all other purposes and that his rights were not to be interfered with any further than was reasonably necessary to accomplish the object which the defendant had in view; that it was the duty of the defendant to lay the pipe line so as not unnecessarily or unreasonably to injure the farm; that due regard was to be had for the plaintiff's rights and that the defendant was to do him as little damage as possible; that going beyond that and doing things that were unreasonable, taking into consideration the situation, would entitle the plaintiff to damages. In the absence of a request for special instructions upon the subject we think there was a sufficient submission to the jury of the testimony bearing upon the whole damage sustained by the plaintiff. It may well be doubted whether there is any evidence that the line was not laid within the right of way, but the charge of the court was sufficiently broad to include such an injury. The jury was clearly given to understand that the defendant's right to lay the line was confined to the right of way and that whatever was done, not necessarily incident to the exercise of that right, was unlawful.

The next objection presented, is that under the Rainey and Floyd grant of May 26, 1890, the right of the defendant was exhausted when one line of pipe was laid and that the subsequent laying of the twenty-four inch line was a trespass. This construction of the instrument is not consistent with the object and terms of the grant. It is recited therein, that the

defendant has surveyed a route "upon which to lay down and construct pipe lines for the transportation of natural gas," and in consideration of the premises, and the sum of $206 to the grantors paid, the defendant was authorized and empowered to lay "lines of pipe" for the purpose of transporting gas on the strip of land in the grant described. There was also given the right of egress and regress over and upon the farm of the first parties for the purpose of "the laying of pipe lines in the ditch or ditches to be dug thereon." Further provision was made that in case at any time the "said pipe lines" should be abandoned, the defendant should have the right to remove the material that it had placed on the farm of the grantors. The language of this deed leaves no doubt in our minds that the grantee was authorized to lay more than one line on the designated strip if it so desired. No plainer terms could be used indicating such authority. When the plaintiff acquired title to the premises, he executed a paper dated January 18, 1900, reciting the fact of the grant by his predecessors in title and the fact that the grantee therein named desired to acquire an additional strip of four feet for the purpose of laying another line and granting to the defendant the additional strip desired parallel with and adjoining the right of way granted by the Rainey and Floyd deed. A question having arisen as to the effect of the sheriff's sale of the Rainey and Floyd title to the land on which the right of way was located, the plaintiff on September 10, 1901, delivered to the defendant a paper confirming the Rainey and Floyd grant, together with all the rights and privileges connected therewith, for which confirmation the plaintiff received $200. Whatever may have been the defendant's situation, with reference to the Rainey and Floyd grant as the result of the sheriff's sale, the effect of the paper of September 10, 1901, was to commit the plaintiff to the terms of the former grant and to give it the same effect upon his title to the farm which it had while Mrs. Rainey and the Floyds were the owners thereof. As the original grant would have permitted the defendant to lay more than one line along the right of way, as against those who then owned the farm, the same effect followed the execution and delivery of the con-

firmation by the plaintiff. The fact that the plaintiff may not have seen the Rainey and Floyd grant does not alter the situation. He received a valuable consideration for revitalizing it, if that were necessary, and in the absence of fraud, accident or mutual mistake he was bound by the terms of the paper which he executed. There is no evidence in the case on which a chancellor would be. justified in reforming the confirmation document, and we see no reason why it should not have the effect which its tenor imports and to accomplish which it was evidently given. The conclusion reached by the learned trial judge is in harmony with the language of the grant and with the apparent intention of the parties.

The assignments are overruled and the judgment affirmed.