# Porter Screen Mfg. Co. v. Hunter, Appellant.

*Mechanic's lien—Window and door screens—Intention—Constitutional law—Extension of class of subjects—Act of June 4, 1901, P. L. 431—Building specifications—Expert opinion—Evidence.*

A mechanic's lien may be filed for work done and materials furnished in installing wire window and door screens in an apartment house, if it appears that such installation was at the request of the owner, and that it was the intention of the owner to make the screens a part of the building, and that they became in fact a part of the building.

The use of such screens as a protection, is within the meaning of the words of the Act of June 4, 1901, P. L. 431, which relate to materials furnished in "completing, fitting up or equipping" a structure.

The provision of the Act of June 4, 1901, P. L. 431, as applicable to door and window screens, is not an extension of the mechanic's lien law, to a class of subjects not included within that law, when the present Constitution went into effect.

On the trial of a scire facias on a mechanic's lien for door and window screens, where the testimony fully describes the manner of their use and attachment to the building, the opinion of expert witnesses is not necessary to assist the jury in determining whether they were or not a constituent part of the building.

In such a case the building specifications are properly rejected as irrelevant, where it appears that the materialman dealt directly with the owner, who could enlarge or alter the plans as he saw fit.

Argued Oct. 9, 1917. Appeal, No. 78, Oct. T., 1915, by defendant, from judgment of C. P. No. 4, Philadelphia Co., March T., 1914, No. 3204, on verdict for plaintiff in case of Porter Screen Mfg. Co. v. W. K. Hunter and Thomas Gamon, Jr., owner or reputed owner. Before ORLADY, P. J., HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Scire facias sur mechanic's lien for work done and materials furnished in installing wire window and door screens in an apartment house. Before FINLETTER, J.

At the trial John C. O'Callahan was asked this question:

Q. Are fly screens or screens such as have been referred to here, considered in the construction of a house as part of the house?

(Objected to. Objection sustained. Exception noted for defendant.) (3)

Mr. McNeal: I offer to prove by this witness as an expert that in the construction of a house the fly screens and screens such as these are not treated as part of the house.

(Objected to. Objection sustained.)

The Court: The jury has to pass upon whether this is a fixture, from the evident intention of the parties and the permanency or nonpermanency of the structure. I do not think they would be helped by the opinion of the gentleman from his general experience.

(Exception noted for defendant.) (4)

The court charged in part as follows:

[In a question of that kind the law looks to the intention of the parties, and to another feature, to the permanence, greater or less permanence of the structure. The intention of the parties may be gathered from what they do, that is to say, the intention whether or not they intend that the thing should be a fixture and part of the house can be gathered from what they say and can be gathered from the character of the goods themselves.] (5)

[The glass that goes into the window sash, is that part of the house? It is not fixed as the bricks were, because it can be moved up and down in a groove, and it is quite possible to conceive of the house without any windows in it. Houses as originally built had no window glass. I do not mean no openings, but no movable windows. The function that is now served by the sash that moves up and down was served by a big lump of ice stuck in temporarily. Time has changed what was a luxury, the piece of ice to keep the blasts of the winter wind from the inmates of the house, into what I imagine you all regard as a necessity, the movable window sash.] (6)

Verdict and judgment for plaintiff for $68.67. Defendant appealed.

*Error assigned,* amongst others, were (2) refusal to admit in evidence building specification; (3, 4) rulings on evidence quoting the bill of exceptions; (5, 6) above instructions quoting them.

*J. Hector McNeal,* with him *Stephens S. Szlapka* and *Louis E. Levinthall,* for appellants, cited: McCay's App., 37 Pa. 125; Parkhill v. Hendricks, 21 D. R. 566; Jarechi v. Philharmonic Society, 79 Pa. 403; Page v. Carr, 232 Pa. 371; Sax v. School Dist. of Wilkes-Barre, 237 Pa. 68.

*Charles S. Wesley,* of *Tustin & Wesley,* with him *J. W. McWilliams* and *William J. Cooley,* for appellees, cited:

Parkhill v. Hendricks, 53 Pa. Superior Ct. 9; Coverdill
v. Heath, 12 Pa. Superior Ct. 15; Barber v. Roth, 19 Pa.
C. C. R. 366.

OPINION BY HENDERSON, J., March 2, 1918:

The Act of 1836 made "every building erected, etc.,
subject to a lien for the payment of all debts contracted
for work done or materials furnished for or about the
erection or construction of the same" and the Act of
1901 makes "Every structure or other improvement"
subject to a like lien. It is further provided in the lat-
ter act that "Any labor or materials furnished in com-
pletely fitting up or equipping the structure or other im-
provement for the purpose for which it was intended
shall be treated as part of the erection or construction
thereof." Neither of these acts defined the kind of ma-
terial entering into the construction of a building which
should be covered by their provisions. It was sufficient
under each of the statutes referred to that the material
was furnished for or about the erection or construction.
The plaintiff's claim was for wire window and door
screens placed in the building described in the lien at
the request of the owner. The learned trial judge sub-
mitted to the jury the inquiry whether taking into con-
sideration the character of the material and the manner
in which it was attached to the building it was the inten-
tion of the owner to make it a part of the building and
whether it became in fact a part of the building. The
attention of the jury was called to the evidence showing
the material of which the screens were composed, the
manner in which the frames were set and fastened in the
openings and the use made of them. The language of
the third section of the Act of 1901 is evidently broad
enough to cover material of the kind shown to have
been supplied by the plaintiff. It was part of the "fit-
ting up or equipping" the structure for the purpose for
which it was intended; that is, an apartment house.
The very general use of screens in open doors and win-

dows during the summer and modern knowledge of the importance of excluding flies, mosquitoes and other insects from dwelling houses for sanitary reasons justify the conclusion that the use of such protection is within the statutory terms furnished in "completely fitting up or equipping" a structure.

The appellant contends, however, that if the material for which the lien was filed is covered by the Act of 1901 the lien is invalid because no lien was given prior to the Constitution of 1874 and that any provision of the Act of 1901 which is divergent from or in advance on the law prior to that constitution is invalid as held in Sax v. School Dist. of Wilkes-Barre, 237 Pa. 68; and the cases preceding that along the same line.

The argument is that screens do not constitute an essential part of the erection or construction of a building; that they are not necessary to its completion and that, therefore, they were not covered by the Act of 1836 or any legislation prior to the Constitution of 1874, and that therefore, a mechanic's lien law can not be extended to apply to a class of subjects not included within that law when the present Constitution went into effect. It may be that the screens are not necessary to the completion of a building but that may be said of window shutters and of storm windows and of other parts of buildings. It would hardly be contended that the shutters attached to the outside of the window frames were not part of the house or the double windows used in localities where the severity of the weather in winter renders them desirable if not necessary and the screen door seems as appropriately a part of the house as a slatted window shutter or the storm window. Our attention has not been called to any case in this State on the point but the same question was considered in Fish v. Young, 128 Wis. 149, where under a practically identical statute it was held that screens manufactured specially and fitted to the house and adapted to its permanent enjoyment were the subject of lien as part of the house when

the owner ordered them to be manufactured and fitted in the openings of the building and that the fact that they were detachable for convenience during the winter months did not affect the question of intention to permanently improve the house by their use. In ordinary cases, however, this is not a question of law to be determined by the court but a question of fact for the determination of the jury under appropriate instructions. We held in Coverdill v. Heath, 12 Pa. Superior Ct. 15, that it was not the duty of the court to decide as a matter of law what can and what can not be used in the erection and construction of a building but that that was a question for a jury. This was clearly and fairly submitted by the learned trial judge.

The offer of expert evidence as contained in the fourth assignment was properly rejected by the court. The case was to be determined by what the parties did; not by the opinion of a witness, who had built, or had seen, houses built, as to whether a particular part of the building was or was not a constituent part of the structure. The testimony shows that the screen doors and window screens were fully described as was also the manner of their use and attachment to the building. It was within the power of the owner to put screens in his windows and keep them there permanently if he saw fit or to adjust them so they could be removed when their use was not required. This was as obvious to the jury as to an expert and the case did not call for special skill or knowledge therefore.

The building specifications were offered and rejected by the court. If as we may assume the purpose of the offer was to show that they did not provide for screen doors or window screens the evidence was irrelevant. The plaintiff was in no way a party to the preparation of them nor was he bound by what they exhibited. He dealt directly with the owner, who could enlarge or alter his plans as he saw fit. We are not persuaded that any of the assignments should be sustained.

The judgment is affirmed.