FLORENCE FERRELL *v.* STATE COMPENSATION COMMISSIONER

(No. 7764)

Submitted January 10, 1934.   Decided January 23, 1934.

*Goodykoontz & Slaven,* for appellant.

*Homer A. Holt,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for State Compensation Commissioner.

MAXWELL, JUDGE:

Claimant, widow of Ell Ferrell, deceased, was granted an appeal from an order of the compensation commissioner refusing compensation on the ground that the death of her husband was not due to an injury received in the course of and resulting from his employment.

Deceased, a duly elected constable of Stafford District, Mingo County, was employed by the Glen Alum Coal Company in said county in the dual capacity of tipple worker and peace officer, at a monthly salary of $100.00. On the morning of February 28, 1932, about two o'clock, deceased went out from his home situated on his employer's property to investigate some shooting which he had just heard in the immediate

neighborhood. The shooting evidently had taken place in the home of John Amos, likewise on the property of the employer. As deceased approached the Amos home two additional shots were fired therein. Deceased entered the house unresisted and soon after entering, while talking with John Amos, was shot in the back and killed by Tom Amos, later convicted of murder.

Deceased's chief employment was that of peace officer at regular salary paid by the coal company, irrespective of the time he worked on the tipple. He was permitted by the company at all times to answer calls for performance of his official duties as constable of Mingo County wherever his services might be required.

Should the claimant be awarded compensation on the theory that her husband's death came as the result of an injury received by him in the course of and resulting from his employment, or should she be denied compensation on the ground that his injury was incurred while he was engaged in the discharge of his duty as a public officer of Mingo County?

On behalf of claimant, we are referred to several cases from other jurisdictions wherein compensation has been allowed on account of injuries received by public officers while discharging the duties of peace conservators in the course of private employment. Typical among those cases are: *Stearns Coal & Lumber Co.* v. *Ball,* (Ky.) 291 S. W. 1013; *Engels Copper Mining Co.* v. *Industrial Commission,* 181 Cal. 484, 185 P. 182; *Rainbow Gardens* v. *Industrial Commission,* (Wis.) 202 N. W. 329; *Berger Coal Co.* v. *Metcalf,* 231 Ky. 93, 21 S. W. (2d) 112. But we do not believe that such conclusion and holding could be justified in this jurisdiction.

It is general law that where a public peace officer, within his territorial jurisdiction, undertakes to discharge a duty which comes within the purview of his office, he is presumed to act in his official capacity. *Bank* v. *Edmund,* (Ohio) 81 N. E. 641; 11 L. R. A. (N. S.) 1170. For his services in such connection he may have recompense only as fixed by law. A promise of a third person, whether individual or corporate, to remunerate him for such services is against public policy and cannot be enforced. 22 Ruling Case Law, p. 540.

In consonance with these general principles is our recently enacted statute, Code 1931, 6-3-1 (last paragraph), which was

designed to end the practice whereby employers of labor would have certain of their watchmen and peace conservators commissioned as deputy sheriffs so as to give them the standing of public officials in the discharge of their duties to their employers. The said paragraph of the statute reads: ''No officer or deputy mentioned in this section shall perform any services or duties for any person, firm or corporation, except the duties required by law of such officer or deputy, or receive any compensation, directly or indirectly, for any official services, except the compensation payable to such officer or deputy for official duties and services out of the public funds, to the amount and in the manner prescribed by law.'' In the light of the inhibitions of that statute, a deputy sheriff employed as a private peace officer would not be entitled to the benefits of the workmen's compensation law, because he would be a person prohibited by law from being employed in such capacity and would be barred from compensation by Code 1931, 23-2-1.

The above quoted statutory provision does not refer to duly elected or appointed constables. But it tends strongly to establish the public policy of this jurisdiction with reference to this subject. The private employment of constables as custodians of the peace in coal camps or elsewhere in private enterprise must be weighed in the light of both the general rules of law in respect of the employment of public peace officers to render service as private conservators and the policy of the law of this jurisdiction. Neither consideration affords basis of justification for the practice.

Of course, a deputy sheriff, a magistrate or a constable may accept private employment, and if he receives injury in the course of and resulting from his employment, he is entitled to the benefits of the workmen's compensation fund, if his employer be a subscriber thereto, provided the injury was not received in the discharge of duties incident to the employee's public office.

For these reasons, we affirm the finding of the compensation commissioner.

*Affirmed.*