Argued at Pendleton May 4; affirmed June 21; rehearing denied
September 14, 1932

## PETERSON *v.* STATE INDUSTRIAL ACCIDENT
## COMMISSION

(12 P. (2d) 564)

*Miles H. McKey,* Assistant Attorney General (I. H.
Van Winkle, Attorney General, on the brief), for
appellant.

*W. L. Patterson,* of Baker City, for respondent.

Shumway Brothers were farmers engaged in the stock-raising business in Baker county, Oregon, who had not elected to conduct their business under what is usually known as the Workman's Compensation Law. Neither they nor their employees had elected not to be subject to the act.

In April, 1931, they employed Clarence Peterson and three of his brothers for the sole purpose of felling timber, cutting it into 16-inch lengths and splitting it into suitable size for stovewood to be used on the farm of the employers.

The timber to be cut would scale from two feet to four feet at the base, and run about 80 feet to a 6-inch top, was growing on a hillside on land belonging to the employers and was to be cut where the employers directed.

All the tools such as saws, axes, wedges, sledges, etc., were to be furnished by the employers. The employees were to be paid $4.05 for each manufactured cord of stovewood.

Respondent did the felling. The tree, if it fell in a convenient position, was cut into 16-inch lengths and split into stovewood where it lay when it fell. If it did not so fall, it was first cut into log lengths, 16 feet or 20 feet long, and rolled onto skids where it could be conveniently sawed and split into stovewood. No power-driven machinery was used in the process.

On or about April 27, 1931, respondent had felled a tree about three feet in diameter, and it fell in an inconvenient place, and while he was engaged in cutting off a 16-foot log, the saw, which had reached about halfway through the cut, jammed. He thereupon placed a wedge in the cut. A blow with the sledge ham-

mer on the wedge violently detached a piece of steel which struck respondent in, and completely destroyed the sight of, the left eye.

For this injury, on May 25, 1931, respondent filed a claim for compensation with the State Industrial Accident Commission. The commission rejected his claim on the grounds, that his employers, the Shumway Brothers, were engaged in farming and had not elected to come under the Workman's Compensation Law. Respondent appealed to the circuit court where the cause was heard by the court without a jury and findings and judgment entered in favor of the respondent.

Defendant appeals.

The only question presented by the record is, was respondent subject, in his employment, at the time of the injury, to the Workman's Compensation Law by reason of the kind of work he was doing? Oregon Code 1930, 49-1801 et seq.

"The hazardous occupation to which this act is applicable are as follows:
* * *

(d) Logging, lumbering and shipbuilding operations.
* * * *"

Oregon Code 1930, Sec. 49-1815.

■ This indicates that one engaged in logging or logging operations is employed in one of the statutory hazardous occupations. One may be said to be engaged in logging or in logging operations when he is felling trees of merchantable size for lumber, removing the branches, cutting them into suitable lengths, and hauling them to some point for manufacture or transportation; or the process generally known in western logging camps as, *falling, bucking, swamping, yarding,* et cetera. A logging operation would be the performance

of any one of these. That is, the employee that fells timber to be cut into logs is engaged in a logging operation, although that may be his only contribution to the logging business; and so with the *bucker, swamper,* et cetera. It appears to us that the doing of any of these with the intent that the logs should be put to some useful purpose would be a logging operation regardless of whether the logs might thereafter be sawed into lumber or converted into stovewood: *Eclipse Mill Co. v. Department of Labor, etc.,* 141 Wash. 172 (251 P. 130).

■■ Having determined that the work respondent was engaged in, at the time of his injury, was a logging operation, he was automatically subject to the Workman's Compensation Law, unless he, or his employers had elected not to be subject to the act (Oregon Code 1930, 49-1810, 49-1813), or unless the work he was engaged in is excluded from the operation of the act except when the employer elects to be subject thereto. Oregon Code 1930, 49-1840.

The Workman's Compensation Law as originally enacted (Laws of 1913, chapter 112, section 13) was made applicable to "Mills * * * where machinery is used." Under the law as thus enacted this court held (*Raney v. State Industrial Accident Commission,* 85 Or. 199 (166 P. 523) that a farmer's employee, "working on a silo mill is engaged in a 'hazardous' occupation' " and was, therefore, automatically subject to the act.

The legislature, at its session in 1917 (Laws of 1917, chapter 288), amended section 13 of the 1913 law by adding to the original section 13, among other things, the following:

"Farming and all work incidental thereto except the construction of dwelling houses, hop driers, fruit

driers, stock and hay barns, are nonhazardous occupations and are subject to the provisions of this act only through compliance with Section 31 (Oregon Code 1930, 49-1840) hereof.'' Oregon Code 1930, 49-1816.

It also amended section 14 of the act of 1913 by adding a definition of farming, which definition was slightly changed at its 1925 session (1925 Laws, chapter 133), and now reads as follows:

''Farming means the cultivation of land, dairying, horticultural or viticultural labor, stock or poultry raising and operations incidental thereto; also when incidental thereto, threshing, clover hulling, hay baling, ensilage cutting, land clearing with or without blasting, woodsawing, woodcutting, operation of tractors, fruit driers, feedmills and other work done with power-driven machinery, whether or not such operations are carried on by the owner of the farm, the persons operating it or by any other person.'' Oregon Code 1930, 49-1817.

It will be observed that woodcutting, woodsawing and other work when incidental to farming is defined as nonhazardous.

■ We cannot say that an employee engaged by a farmer for the sole purpose of felling trees and cutting them into stovewood, to be used by the employer on his farm, is employed to do work incidental to farming.

There is no claim made that appellant at the time of the injury was an independent contractor, nor was any exception taken in that regard.

The judgment of the circuit court will be affirmed.

It is so ordered.

BELT, J., not sitting.

ROSSMAN and RAND, JJ., dissenting.