165 P.2d 120

## HERNANDEZ v. BORDER TRUCK LINE.
### No. 4918.

Supreme Court of New Mexico.

Jan. 4, 1946.

R. R. Posey, of Las Cruces, for appellant.

W. C. Whatley, of Las Cruces, for appellee.

BICKLEY, Justice.

The plaintiff (appellant) as claimant before the district court sought recovery under the Workmen's Compensation Act (1941 Comp. § 57-901 et seq.). He is the father of Gabriel Hernandez, Jr., deceased, who, at the time of his death and on the occasion of his injury, which it is said resulted in his death, was employed by defendant (appellee) as the driver of a motor truck in "gathering milk in the vicinity of Las Cruces and surrounding community, delivering said milk in the City of El Paso, and then loading his truck with merchandise to be delivered at Las Cruces."

Defendant, apparently, by virtue of civil procedure Rule 12(b) (6), 1941 Comp. § 19-101, the application of which was not questioned, filed a motion to dismiss on the ground that the claim for compensation did not state a claim upon which relief could be granted, reciting: "because the same shows on its face that the defendant is not and was not at the time of the alleged death of Gabriel Hernandez, Jr., engaged in an extra hazardous business which made him liable under the Workmens Compensation law, and it wholly fails to allege that the defendant and the said Gabriel Hernandez, Jr., had become bound under the Workmens Compensation law by any agreement, and wholly fails to allege that the defendant had elected to become bound by Workmens Compensation law."

The court sustained the motion on the several grounds and dismissed the action.

The exact nature of the business in which the defendant-employer was engaged does not fully appear. Perhaps it was the occupation or business of "carriage by land", but unfortunately for plaintiff this is not one of the occupations and pursuits to which the Workmen's Compensation Act is applicable according to the enumeration of extra-hazardous occupations set forth in 1941 Comp. 57-910. It may be of interest to note that such business or pursuit is enumerated in the Workmen's Compensation Act of Illinois. See Hochspeier v. Industrial Board of Illinois, 278 Ill. 523, 116 N.E. 121, L.R.A. 1918F, 227. This case, among others, is cited in an annotation on "Workmen's compensation: operation of automobile or automobile truck as a hazardous occupation", found in 9 A.L.R. at p. 1382.

We may not doubt that the operation of a motor truck on the public highways is attended with a degree of hazard, but before a claimant can recover under the Workmen's Compensation Act he must show that he was engaged not only in work, but that such work was in one of the hazardous occupations enumerated in

the statute. Whether there are exceptions we do not decide.

It seems to be the contention of appellant that the phrase, "engineering works" contained in Sec. 57-910, which enumerates extra-hazardous occupations, should be construed broadly enough to include the operation of a motor truck.

The statute 57-912 in which certain terms employed in the Act are defined says that: " 'Engineering work' means any work in the construction, alteration, extension, repair, maintenance or demolition of a bridge, jetty, dike, dam, reservoir, underground conduit, sewer, oil or gas well, oil tank, gas tank, water tank or tower, any caisson work or work in artificially compressed air, any work in dredging, work on log or lumber rafts or booms, pile driving, moving safes, or in laying, repairing or removing underground pipes and connections, the erection, installing, repairing or removing of boilers, furnaces, engines and power machinery (including belting and other connections) and any work in grading or excavating where shoring is necessary or power machinery or blasting powder, dynamite or other high explosives are in use."

The appellant urges in support of his argument an opinion by a divided court in Haddad v. Commercial Motor Truck Co., 146 La. 897, 84 So. 197, 9 A.L.R. 1380. The Louisiana statute provided: "The installation, repair, erection, removal *or operation* of boilers, furnaces, engines and other forms of machinery." (Emphasis

supplied.) Act No. 20 of 1914, § 1, subd. 2(a) is a hazardous trade, business or occupation.

The court concluded that the driving of a motor truck which was propelled by a gasoline engine was the operation of an engine. If our statute defining "engineering work" in so far as it relates to "engines" contained the phrase "operation of", or "operation of engines", we would be called upon to determine whether we would reach the same conclusion as did the Louisiana Supreme Court in the cited case. But our statute contains no such language and we cannot supply it.

In Mobley v. Brown, 151 Okl. 167, 2 P.2d 1034, 1035, 83 A.L.R. 1014, where a similar question was before the court it was said: "It must be borne in mind that the Workmen's Compensation Acts are in derogation of the common law, and while the law will be given a liberal construction in favor of the class for whom it was apparently enacted to protect, yet the courts are without authority to extend its operation to classes or persons beyond which the Legislature expressly or by implication designated."

We spoke much to the same effect in Rumley v. Middle Rio Grande Conservancy Dist., 40 N.M. 183, 57 P.2d 283, 287, as follows: "Liberal interpretation, to which this court is committed in favor of an employee fairly within the protection of the act (Gonzales v. Chino Copper Company, 29 N.M. 228, 222 P. 903), does not warrant an unreasonable or a strained

construction in order to embrace occupations or pursuits not classified by the Legislature as extrahazardous. H. Roy Berry Co. v. Industrial Commission, 318 Ill. 312, 149 N.E. 278; Mobley v. Brown, 151 Okl. 167, 2 P.2d 1034, 83 A.L.R. 1014, and annotation at 1018; Anderson v. Department of Labor and Industries, 173 Wash. 483, 23 P.2d 879. Any demand to extend benefits of the act to employees of conservancy and irrigation districts where the latter are engaged only in operation and maintenance of such projects must be accomplished through the Legislature. The courts are powerless to effect it."

Other portions of the opinion in that case and the authorities cited support the decision we reach that the district court did not commit error in holding that the motion to dismiss was well taken, "in that the claim of the plaintiff shows on its face that the defendant is not and was not at the time of the alleged death of Gabriel Hernandez, Jr., engaged in extra hazardous business which brought it under the Workmen's Compensation Law."

Having taken this view of the matter, and the appellant having stated in his brief: "There is but one question before the court on this appeal, and that is, as to whether or not the driving and operating a commercial truck on the highways, is an extra hazardous business or occupation." It is unnecessary to consider other possible contentions which might have been made. See Dodson v. Kansas City Ref. Sales Co., 110 Kan. 481, 204 P.

532; Koger v. A. T. Woods, Inc., 38 N.M. 241, 31 P.2d 255.

Accordingly, the judgment must be affirmed, and, it is so ordered.

MABRY, C. J., and SADLER, BRICE, and LUJAN, JJ., concur.