258 P.2d 1139

## WILLIAMS v. COOPER.
### No. 5563.

Supreme Court of New Mexico.
June 29, 1953.

Neal & Girand, Hobbs, for appellant.
L. George Schubert, Hobbs, for appellee.

SADLER, Chief Justice.

The defendant appeals from a judgment against him on a cause of action prosecuted by plaintiff as a claimant under the Workmen's Compensation Act in the district court of Lea County. He was given an award of compensation for temporary total disability running 31 weeks and 4 days at rate of $30 per week plus compensation at rate of $9 per week for period of 100 weeks, for an injury to his right foot said to have resulted in 30% permanent partial disability.

The injury was accidental and occurred on October 30, 1951. It arose out of and in the course of plaintiff's employment by defendant. The defendant's general occupation was that of a rancher but in addition to following that occupation, for some two years prior to the accident resulting in plaintiff's injuries, he had been the owner and operator of the "Geronimo Hut," a

dance hall at Monument, New Mexico. At the time of his injury the plaintiff was one of the workmen employed by defendant in the construction of an addition to the dance hall mentioned. The construction of the addition was extensive enough to require five or six weeks to complete it and could not be said to be merely casual. For the disabilities suffered, he was given the awards mentioned to continue throughout the periods specified hereinabove. He was also given an award of $29 for medical expense incurred and $300 as fees for the use and benefit of his attorneys in pressing his claim.

The defendant operated the dance hall for the purpose and "with the view of monetary gain." He charged regular admissions to couples or parties patronizing the dances held in the Hut. His employment was solely as a carpenter in constructing the addition and neither he nor his co-workers on the addition at any time performed duties in connection with defendant's ranching operations. Nor did plaintiff ever perform any duties in connection with the operation of the dance hall. Incidentally, the defendant had never filed rejection of the Workmen's Compensation Act of the State of New Mexico.

The trial court concluded from the foregoing facts found by it that the plaintiff was entitled to compensation in the amounts and for the periods mentioned in the recitation of facts set out hereinabove. Judgment was rendered accordingly and for its revision and correction, this appeal is prosecuted. The defendant argues his assignments of error under three points which will be discussed and resolved in the order in which they are presented.

It is first contended that since defendant's occupation generally was that of a rancher the mere fact that, as a sort of side line, he also conducted a dance hall, in the construction of an addition to which the plaintiff was working as a carpenter at time of his injury, does not classify defendant as one engaged in an extra-hazardous occupation so as to subject him to payment of compensation on account of plaintiff's injury. Our Workmen's Compensation Act, of course, only contemplates payment of compensation for injuries to employees of those engaged in carrying on for purpose of business, trade or gain within the state any of the occupations or pursuits described in the act as extra-hazardous. It cannot be gainsaid that "buildings being constructed, repaired, moved, or demolished" fall within this category. 1941 Comp. Sec. 57–910. Indeed, work of the character set out in the quoted language next above is specifically mentioned in the act as "extra-hazardous." The act does not include ranching or operation of "dance halls," though admittedly by election of an employer in that category, either could be brought under its terms. Private

employers of farm and ranch laborers are expressly exempted from application of the act. 1941 Comp. Sec. 57–904. The trial court found the defendant had filed no rejection of the provisions of the act and it was also undisputed that he filed no election to be bound by it, testifying:

"Q. You filed no election to be bound by the Workmen's Compensation Act at that time? A. No, sir.

"Q. You did not file any election not to be bound by it? A. No, sir, I did not file no kind of papers at all."

The record in this case impresses us that there is nothing to distinguish it in principle from the cases of Koger v. A. T. Woods, Inc., 38 N.M. 241, 31 P.2d 255, and Rumley v. Middle Rio Grande Conservancy District, 40 N.M. 183, 57 P.2d 283. Compare Scofield v. Lordsburg Municipal School District of Hidalgo County, 53 N. M. 249, 205 P.2d 834.

█ It is to be remembered that the extra-hazardous occupations and pursuits to which the act in question is applicable are enumerated at some length in 1941 Comp. Sec. 57–910, including "Factories, mills and workshops where machinery is used; foundries, blast furnaces, mines, oil wells, gas works, natural gas plants, water-works, reduction works, breweries, elevators, * * * buildings being constructed, repaired, moved, or demolished; telephone, telegraph, electric light or power plants or lines, steam heating or power plants;" and many others unnecessary to mention. No-where in the list of occupations or pursuits enumerated do we find "ranching," or "dance hall operation" mentioned. Certainly, the occupation of defendant was one or the other. Neither classifies the occupation of defendant as extra-hazardous within the terms of the act. If not so, the mere fact that, at the moment of injury, the employee may have been engaged in an item of work that would classify as extra-hazardous, does not bring him within the act. Koger v. A. T. Woods, Inc., supra; Rumley v. Middle Rio Grande Conservancy Dist., supra. In the Rumley case [40 N.M. 183, 57 P.2d 286] we upheld this doctrine as the proper one under the language of our act, quoting from the Koger case as precedent. We said:

"As emphasizing the fact that it is not the nature of the particular work in which the employee is engaged at the time of his injury but rather the character of his employer's occupation which controls, we further (in Koger case) said: 'It may seem a harsh rule that, if the appellant had been injured while working on the same piece of machinery but employed in pumping water at a waterworks plant or in a dredging operation, he would be entitled to compensation, whereas being engaged in a farming or agricultural pursuit he is not entitled to compensa-

tion. That is a matter of legislative policy, and we are bound to interpret and apply the law as it is given us.'"

Our still later decision in Scofield v. Lordsburg Municipal School Dist., supra, in sustaining the award of compensation there made but emphasizes the importance of the distinction made in the Koger and Rumley cases. In this later case liability under the act was sustained, even though the employer, a municipal school district, was not carrying on an extra-hazardous occupation or pursuit for the purpose of business, trade or gain, since at the time of his injury the employee was himself engaged in a pursuit classified by the act as extra-hazardous. Compare State ex rel. Maryland Casualty Co. v. State Highway Commission, 38 N.M. 482, 35 P.2d 308.

Counsel for defendant has called our attention to a case, Harris v. Wallace, 172 Okl. 349, 45 P.2d 89, 90, in which the contentions of the parties are much like those here made. The defendant, an attorney at law, which was his principal occupation, also owned and operated two apartment houses. The claimant seeking compensation from him had been employed to paint and redecorate the interior. While engaged in this work he injured his knee. The claim was allowed and an appeal followed. The theory of the award was that because claimant at the time of injury was engaged in an occupation classified in the act as hazardous, the injury was compensable. The court held otherwise and, among other things, said:

"Petitioner seeks to have this award vacated on two jurisdictional grounds, (1) that the evidence fails to disclose that petitioner had two workmen employed at the time of the injury, and (2) that the kind of business he was engaged in at the time of the accident was of a nonhazardous character and not covered by the provisions of the Workmen's Compensation Law of this state. Under the view we take, it is not necessary for us to dispose of the first proposition.

\* \* \* \* \* \*

"Claimant seeks to distinguish the instant case from the Meyer & Meyer v. Davis Case [162 Okl. 16, 18 P.2d 869] on the ground and for the reason that he has established by sufficient proof that his employer (petitioner herein) was engaged in the painting of the apartments for a pecuniary gain. Claimant concedes that if the apartments in question had been petitioner's home, that such business as he was engaged in would not be for pecuniary gain as far as the petitioner was concerned. But since the proof shows that petitioner owned the apartments and was renting them to the public for the purpose of gain and that this repair work was necessary to make

said apartments more attractive to prospective tenants, that petitioner was engaged in the business of painting and repairing the apartments for a pecuniary gain within the contemplation of the Workmen's Compensation Act. With this contention we cannot agree. The claimant is not logical in the argument which he makes. It is true that the petitioner operates the apartment houses for pecuniary gain, and in the painting and repairing of these apartments he is acting in furtherance of his effort to acquire pecuniary gain; but under these circumstances the operation of an apartment house is not a hazardous occupation."

■ Our conclusion that the defendant's first point is well taken alone affirms that the trial court erred in awarding compensation in this case. Our decisions in the three cases already cited and discussed, Koger v. A. T. Woods, Inc., Rumley v. Middle Rio Grande Conservancy Dist. and Scofield v. Lordsburg Municipal School Dist., demonstrate that the occupation or pursuit of the defendant did not subject him to liability under the act, even if at the moment the work being done by the plaintiff with a different factual background would have rendered his injury compensable. The correctness of the conclusion we have reached in resolving the first point is fortified by consideration of the second point presented by defendant.

■ It is said and argued with much earnestness under this point that defendant's occupation of rancher denies him status as an "employer" under the Workmen's Compensation Act of New Mexico, even though at the time of his injury the plaintiff was engaged in work as a carpenter on an addition to a dance hall owned and operated by defendant. The latter's counsel cite and rely upon Scofield v. Lordsburg Municipal School Dist., supra, and Lackey v. Industrial Commission of Colorado, 80 Colo. 112, 249 P. 662. Both decisions support defendant in this contention. The pertinent language of the Colorado Workmen's Compensation Act is much like our own as it affects this question. See 1941 Comp. Sec. 57–912 (h) and (i) defining "employer" and "workman" (employee). The facts in the Lackey case from Colorado are so much like those of the present case that we quote from it at some length from which quotation the facts sufficiently appear. The court said:

"We can find no substantial controversy in the evidence. Lackey was a farmer and made up his mind to build and operate a filling station in the town of Fowler. He procured a site for the purpose, and employed men by the day to prepare the ground by pulling down a building and to put up a filling station thereon. This was accomplished, and he went into the business of the filling station and continued it thereafter up

to the time of the hearings in these matters. Jacks was hurt while pulling down the old building; Lawlor while putting up the filling station. More than four men were employed by Lackey about this business when each accident took place.

\*  \*  \*  \*  \*  \*

"We do not think that the erection of a building can be said to be within the usual course of a business to be carried on in that building, unless, perhaps, such business be the business of building and the structure be erected in the course of that business. Suppose a building contractor resolves to go into the hotel business and for that purpose erects the hotel himself. The erection of that hotel may be in the usual course of his business as building contractor, but how can it be said that it is in the usual course of his business as a hotel keeper? He is an innkeeper when he opens his house for guests, not before. He is a filling station keeper when he opens his place to fill, not before. Illustrations and analogies might be multiplied without end. We

must say that neither the preparation for the erection of a building for the filling station nor the erection of it was within the usual course of business of farming or keeping a filling station."

Satisfied as we are that defendant's occupation or pursuit does not disclose him as engaged in an extra-hazardous occupation and that he was not engaged in or carrying on for the purpose of business, trade or gain, any of the occupations or pursuits to which the act in question is applicable, we are forced to the conclusion that a case to support an award of compensation was not made out. In view of our disposition of points one and two presented by defendant, it is unnecessary to consider his point three.

It follows that the judgment reviewed is erroneous. It will be reversed and the cause remanded with a direction to the trial court to set it aside and dismiss the plaintiff's cause of action.

It is so ordered.

McGHEE, COMPTON, COORS and LUJAN, JJ., concur.