282 P.2d 712

Rafael M. ARMIJO, Plaintiff-Appellee,

v.

MIDDLE RIO GRANDE CONSERVANCY DISTRICT, Defendant-Appellant.

No. 5894.

Supreme Court of New Mexico.
April 22, 1955.

Rehearing Denied May 6, 1955.

Martin A. Threet, D. A. Macpherson, Jr., Albuquerque, for appellant.

Lorenzo A. Chavez, Joseph L. Smith, Arturo G. Ortega, Albuquerque, for appellee.

McGHEE, Justice.

The appellant seeks the reversal of an award under the Workmen's Compensation Act, 1953 Comp. § 59–10–1 et seq., for 80% permanent disability because of an injury to appellee while he was working as a member of a crew engaged in the general work of installing culverts in ditches, fixing water gates, repairing bridges, repairing dikes and filling sand bags for use along the river banks in connection with the operation by appellant of its irrigation and conservancy district functions.

At the instant of injury the appellee and three of his fellow workers were carrying

a turn-out box, which they had just removed from an irrigation ditch, to a truck when the feet of one of them became entangled in wire and he dropped his part of the load, causing, as was found, the injury to appellee.

The appellant claims this appeal is controlled by our opinion in Rumley v. Middle Rio Grande Conservancy Dist., 1936, 40 N.M. 183, 57 P.2d 283 where it was held the operation and maintenance of the district's works were not within the terms of the Workmen's Compensation Act, although the injured employee (a ditch rider) might have been engaged at the moment in extrahazardous work as an incident of his general duties.

The Rumley case relied strongly on the opinion in Koger v. A. T. Woods, Inc., 1934, 38 N.M. 241, 31 P.2d 255, where a foreman on a farm was injured while making repairs to an irrigation pump as an incident of his general farm work. It may be well to note here that the Workmen's Compensation Act did not make a farmer subject to its terms even though he might have his help doing extrahazardous work at the time of injury. This doctrine has been recently approved in McBee v. Hale, 1952, 56 N.M. 53, 239 P.2d 737, and Williams v. Cooper, 1953, 57 N.M. 373, 258 P.2d 1139.

The situation is, however, different where a conservancy district is involved and is comparable in principle with the situation which existed in Scofield v. Lordsburg Municipal School Dist., 1949, 53 N.M. 249, 205 P.2d 834. Neither a school nor a conservancy district is included in the Act, § 59–10–2, 1953 Comp., unless it is engaged in an extrahazardous occupation or pursuit named in § 59–10–10, 1953 Comp., in which we find engineering works, buildings being constructed, repaired, moved or demolished, among many others.

In the Scofield case the injured workman was a carpenter engaged in building tennis courts, replacing broken window panes, making repairs to the school building and hanging venetian blinds in and about a school building. He was injured while hanging a blind and it was held the district was liable under the act.

The appellee seeks to sustain the judgment here on his claim that he was, at the time of his injury, engaged in "engineering" work, which is defined in subsection (g) of § 59–10–12, 1953 Comp., as follows:

" 'Engineering work' means any work in the construction, alteration, extension, repair, maintenance or demolition of a bridge, jetty, dike, dam, reservoir, * * *"

At the time of the Rumley case the word "maintenance" was not included in such definition. It was added at the next session of the legislature in 1937 after the filing of the opinion in that case on April 17, 1936.

The appellant cites authorities to the effect that "repair" and "maintenance" are in fact synonymous, saying the 1937 amendment adding the word "maintenance" did not bring the district within the Act, as such word was included in "repair" and the law was left as declared in the Rumley case.

As a matter of English, we must concede there is much to the argument. However, there was a general revision of the Workmen's Compensation Act in 1937, it being liberalized in a number of particulars. Surely the legislature must have felt it was strengthening the Act, if in fact it did not intend to plug what was thought to be a loophole disclosed therein by the opinion in the Rumley case where so much stress is placed upon the purpose of the district.

If work such as the injured workman in the present case was generally engaged in at the time of his injury does not bring him within the protection of the Act, then it is hard to conceive how a conservancy district would be covered once its construction work was completed and its principal purpose was the operation and maintenance of an irrigation or drainage system, or either. Any new dams or works thereafter constructed would, in this water-scarce state, be only incidental to the operation and maintenance of the established district, with the result that the intent and mandate of the legislature, placing employees of the conservancy districts engaged in such work as appellee under the protection of the Act, would be entirely frustrated by applying to such employees the law of the Rumley case as to a ditch rider.

■ We agree with the Nebraska court that a workmen's compensation act should be liberally construed so that its beneficent purposes may not be thwarted by technical refinement of interpretation. Wilson v. Brown-McDonald Co., 1938, 134 Neb. 211, 278 N.W. 254, 116 A.L.R. 702.

We feel the disposition of the case at bar should be controlled by the rationale of the Scofield case where Justice Sadler, who also authored the opinion in the Rumley case, so carefully stated the reasons the injured workman was entitled to compensation for his injury.

■ We hold the workman was under the protection of the Act when he was injured.

The appellant further claims the evidence was insufficient to prove the appellee was injured while working for appellant with the crew and that its motion to dismiss on that ground should have been sustained.

■ The appellee and one of his fellow workmen testified to the dropping of the outlet box and the pained outcry of the appellee. The appellee further testified to such continuing pain in his back that he

worked only two or three days after the injury and then quit his job because of his disability. In addition, the superintendent of the conservancy division in which appellee was working testified that a few days after the accident he sent appellee to a physician in Belen, New Mexico, for treatment of the injury. We deem the evidence to be substantial and sufficient to support a verdict that appellee received an injury arising out of and in the course of his employment.

Error is also assigned on the deletion by the trial court of a part of a tendered instruction by appellant, saying the effect of the instruction as given was to tell the jury the appellee was within the protection of the Act. We doubt the instruction goes quite as far as claimed by appellant, but, if it does, error was not committed as there was really no dispute as to the character of work done by the crew and in our opinion the appellee was covered by the Act.

Attorneys' fees of $1,800 were allowed below. We will allow appellee's attorneys an additional fee of $500 for their services here.

The judgment will be affirmed and It Is So Ordered.

COMPTON, C. J., and LUJAN and SADLER, JJ., concur.

KIKER, J., not participating.