336 P.2d 323

**O. L. CHAPMAN, Claimant-Appellee,**

**v.**

**Gus ANISON and John Grisolano, d/b/a El Vasito Night Club, Employers-Appellants.**

**No. 6478.**

Supreme Court of New Mexico.

March 2, 1959.

H. A. Daugherty, Farmington, Gilbert, White & Gilbert, Santa Fe, for appellants.

Bigbee & Stephenson, Santa Fe, for appellee.

COMPTON, Justice.

This is a proceeding under the Workmen's Compensation Act. Appellee, a commissioned deputy sheriff of San Juan County and a peace officer of the City of Farmington, sustained an injury while he was employed by appellants "in keeping the peace and maintaing order in and about the * * * El Vasito Night Club" being operated by appellants.

There is no material dispute in the evidence. Admittedly, appellee was employed by appellants for such purpose and was

assaulted by one of their patrons while attempting to maintain order, but liability was denied by appellants because "night clubs" do not come within the purview of the Workmen's Compensation Act, and they had not elected to become bound by the act.

The jury found that appellee sustained permanent total disability by reason of the injury suffered by him while so engaged. Judgment was entered on the verdict, and the employers appeal.

The point is made that the court erred in giving the following instruction:

"You are instructed that if you believe from a preponderance of the evidence that claimant was employed by defendants as a peace officer to keep the peace in El Vasito Night Club, and was a duly appointed peace officer of the Town of Farmington or San Juan County, or both, at the time of the injury complained of, then claimant is covered by the provisions of the Workmen's Compensation Act of New Mexico, and his employer is subject to the provisions thereof. On the other hand, unless you do believe that claimant was so employed and was such a peace officer at the time of the injury, you are instructed that the parties are not within the scope of the

Workmen's Compensation Act, and your verdict must be for defendant."

We think the trial court fell into error. The pertinent statute is § 59–10–10, 1953 Comp. Appellee relies on that part of the section which provides that "all duly elected or appointed peace officers of the state, counties or municipalities * * * shall be deemed to be following extra-hazardous occupations and to be within the provisions of this act." This position is untenable; the provision embraces public employer-employee relationship only. La Belle v. Village of Grosse Pointe Shores, 201 Mich. 371, 167 N.W. 923; Fahler v. City of Minot, 49 N.D. 960, 194 N.W. 695; Moriarty's Case, 126 Me. 358, 138 A. 555; County of Monterey v. Industrial Accident Commission, 199 Cal. 221, 248 P. 912, 47 A.L.R. 359; Millard County v. Industrial Commission, 62 Utah 46, 217 P. 974.

It is well settled that in a public employer-employee relationship, the employee is entitled to compensation benefits if the injury received is incident to the employee's official duties. Scofield v. Lordsburg Municipal School Dist., 53 N.M. 249, 205 P. 2d 834; Rumley v. Middle Rio Grande Conservancy Dist., 40 N.M. 183, 57 P.2d 283; Lafleur v. Johnson, La.App., 37 So. 2d 869 (Comp. case); Ferrell v. State

Compensation Com'r., 114 W.Va. 555, 172 S.E. 609; whereas, in a private employer-employee relationship, the employer's business or pursuit is the determining factor, Armijo v. Middle Rio Grande Conservancy Dist., 59 N.M. 231, 282 P.2d 712; Williams v. Cooper, 57 N.M. 373, 258 P.2d 1139, and nowhere is a night club listed in the act as an extra-hazardous occupation or pursuit. It follows, appellee was not covered.

 But we do not hold that a peace officer may not accept private employment and become covered by the Workmen's Compensation Act. Quite the contrary, a peace officer may, by accepting private employment, receive compensation benefits as any other private employee, if his employer is covered by the act, or has elected to be bound thereby, and his injury is one received incident to his duties as a private employee. Ferrell v. State Compensation Com'r., supra.

Finding prejudicial error in the instruction, the judgment is reversed and remanded with direction to the trial court to dismiss the proceeding. It is so ordered.

LUJAN, C. J., and SADLER, McGHEE and CARMODY, JJ., concur.