404 P.2d 853

**Ralph H. THOMAS, Plaintiff-Appellant,**

**v.**

**Bruce GARDNER and Mrs. Bruce Gardner, his wife, Defendants-Appellees.**

**No. 7531.**

Supreme Court of New Mexico.

April 26, 1965.

Rehearing Denied Sept. 3, 1965.

Dolan & Clear, Albuquerque, for appellant.

McAtee, Toulouse, Marchiondo, Ruud & Gallagher, Mary C. Walters, Albuquerque, for appellees.

PER CURIAM:

Upon consideration of the motion for rehearing, the original opinion heretofore filed is withdrawn and the following substituted therefor.

OPINION

CHAVEZ, Justice.

Plaintiff-appellant appeals from a summary judgment granted in favor of defendants-appellees.

Appellant sought compensation under the Workmen's Compensation Act for an injury sustained in an accident on April 10, 1963. Appellees propounded written interrogatories to appellant which were duly answered. Depositions were taken of several of appellant's co-employees, as well as of one of appellees and of appellant. Upon motion of appellees the trial court granted summary judgment.

Appellees are engaged in the wholesale and retail sale of eggs produced on appellees' fifteen-acre plot of land. Appellees style their business or operation "The Gardner Poultry Farm." Five acres of land are used in appellees' operation and an alfalfa field, consisting of ten acres, is leased out and not used in the operation. Appellees do not raise any of their feed and there is no cultivation or tillage of the soil in any manner in connection with appellees' operation. The foreman owns some pigs which are on the land and he and another employee have a vegetable garden on the premises.

Ten persons are employed by appellees in their business. These employees live on the premises and are furnished with living accommodations, utilities and eggs, plus an average salary of $270 per month. The ten employees consist of five couples, both members of the family working to receive the benefits.

Appellees' principal occupation is the producing, processing and selling of eggs. The business has a capacity of 20,000 chickens and there were about 16,000 or 17,000 in production at the time appellant was injured. There is an average of 4500-dozen eggs sold per week by appellees, both retail and wholesale, and cull chickens are sold locally, intra-state and inter-state. Chickens are not hatched on the land but are brought in from other states when they are twenty-weeks old and start laying when they are about twenty-six-weeks old.

Appellant was hired by appellees as a laborer on March 13, 1963, to feed and water the chickens, gather eggs, clean the chicken pens and do other incidental work. He suffered a back injury when he was shoveling manure from the ground floor of one of the poultry houses onto a conveyor belt. Appellant spent a considerable amount of time in the hospital and was operated on for his back injury.

Appellant cites many of our cases holding that summary judgment should not be granted when there is a genuine issue of material fact and that it is not a substitute for trial; and that the pleadings, depositions and other matters presented must be viewed in the most favorable aspect they will bear in support of a trial of the issue. Gonzales v. Gackle Drilling Company, 70 N.M. 131, 371 P.2d 605; Srader v. Pecos

Construction Company, 71 N.M. 320, 378 P.2d 364. Also, that the basic facts may be undisputed but conflicting inferences may be drawn from the facts that will preclude the granting of summary judgment. Hewitt-Robins, Inc. v. Lea County Sand and Gravel, Inc., 70 N.M. 144, 371 P.2d 795.

In this case, however, the facts are not in dispute. Both parties agree that appellees are engaged in maintaining between 16,000 and 20,000 chickens for the purpose of producing eggs; that appellant was hired to mix the feed and feed the chickens, to gather and wash eggs, to clean chicken manure from the poultry houses, and to do whatever other work was necessary in connection with appellees' operation; and that appellant was injured while in the course of his employment. The trial court found "That the motion for summary judgment is well taken and plaintiff's complaint should be dismissed." In the motion for summary judgment appellees asserted that appellant's complaint should be dismissed on two grounds: (1) Appellees were engaged in an agricultural enterprise which is excluded from the Act; and (2) appellees were not engaged in an extra-hazardous industry which would subject them to the provisions of our Workmen's Compensation Act.

On appeal appellant's argument was confined solely to the proposition that appellees were excluded from our Act because appellant was a farm and ranch laborer. Appellees answered, responding solely to this argument. This court subsequently issued an opinion reversing the trial court on the basis that appellant was not a farm and ranch laborer and, therefore, not excluded from our Workmen's Compensation Act. However, since that opinion was handed down appellees have filed a motion for rehearing claiming that the trial court's decision can be upheld on the ground that appellant was not employed in an extra-hazardous activity and that, in view of this fact, we need not decide whether appellant was a farm or ranch laborer.

In the briefs submitted to this court, it seems to us that appellees should have stated, in response to appellant's brief, that it was immaterial whether appellant was a farm or ranch laborer, if, as appellees now argue, the poultry farm was not an extra-hazardous occupation. However, despite appellees' apparent neglect, if appellant has no cause of action against appellees, then appellant should not be allowed to recover. In Heron v. Garcia, 48 N.M. 507, 153 P.2d 514, we stated:

"The appellant has no cause of action against the appellee and, although

the district court's order of dismissal was based upon grounds not stated in this opinion, the decision was correct. We have stated a number of times that a case will not be reversed because the trial court gave a wrong reason for a correct judgment. State ex rel. Sanchez v. Stapelton, 48 N.M. 463, 152 P.2d 877. If the case is reversed it may and should be dismissed for the reasons herein stated. This procedure would avail nothing."

This court cannot ascertain upon which of the grounds asserted in the motion for summary judgment the trial court based its decision. It may well be that the trial court relied on both grounds in granting appellees' motion for summary judgment. The rule is stated in 5 Am.Jur.2d, Appeal and Error, § 727, pp. 170–171:

"According to the essence of its function, an appellate court is concerned with whether the holding, and not with whether the reasoning, of the decision appealed from is correct, and generally a correct decision will not be disturbed on appeal because it is based on an incorrect ground, especially where the correct ground was formally presented to the court below, though not there acted upon, and the view has also been taken that in a proper case a correct decision should be sustained even though the appellate

court finds it necessary to resort to a theory not presented to the court below. * * *

"Where a decision is based on two grounds, either of which, independent of the other, is sufficient to support it, it will not be reversed on appeal because one of those grounds is erroneous. * * * *"

■ Even though a trial court may have based its decision upon other grounds, the judgment will be affirmed if it can be sustained upon correct legal principles. Albuquerque National Bank v. Johnson, 74 N.M. 69, 390 P.2d 657; Cross v. Erickson, 72 N.M. 73, 380 P.2d 520.

In the case at hand the trial court did not necessarily give a wrong reason for its decision. It merely granted the motion for summary judgment which was based on two grounds. If the case were reversed and remanded, the trial court would merely dismiss the complaint because, as we decide below, appellees were not engaged in an extra-hazardous occupation. This procedure would accomplish nothing.

The case thus turns on whether appellant was engaged in an extra-hazardous occupation. If the occupation of appellees cannot be brought within §§ 59–10–10, 59–10–12 N.M.S.A., 1953 Comp., then the court below did not err in granting summary judgment. Our statute is applicable

only to those extra-hazardous occupations and pursuits enumerated in §§ 59–10–10, 59–10–12, supra. Williams v. Cooper, 57 N.M. 373, 258 P.2d 1139; Hernandez v. Border Truck Line, 49 N.M. 396, 165 P.2d 120; 1 Larson Workmen's Compensation Law, § 55.10, nn. 44, 52, pp. 795–796.

Appellees' poultry farm is not one of those occupations listed as extra-hazardous in our statute. Neither can we classify the poultry farm as an extra-hazardous activity under § 59–10–12, supra. McBee v. Hale, 56 N.M. 53, 239 P.2d 737. Appellant was employed to do general duties in and around the poultry farm, but at the time of the injury he was shoveling manure onto a power-driven-conveyor belt. We need not determine whether the work appellant was doing at the time of the injury was extra-hazardous, because the mere fact that, at the moment of injury, appellant may have been engaged in extra-hazardous work does not bring him within the Act where his general employment is not classed as extra-hazardous. Williams v. Cooper, supra; Koger v. A. T. Woods, Inc., 38 N.M. 241, 31 P.2d 255.

It follows that appellant is not entitled to recover under our Workmen's Compensation Act and the judgment of the district court should be affirmed.

It is so ordered.

MOISE and COMPTON, JJ., concur.