423 P.2d 980

Frank L. GRAHAM, Plaintiff-Appellant
and Cross-Appellee,

v.

Clarence WHEELER, d/b/a Wheeler Ranch,
Employer and Insurer, Defendant-Ap-
pellee and Cross-Appellant.

No. 8014.

Supreme Court of New Mexico.

Feb. 20, 1967.

Osborn & Laughlin, Roswell, for appel-
lant.

Keleher & McLeod, Michael L. Keleher,
Albuquerque, for appellee.

## OPINION

COMPTON, Justice.

The claimant appeals from a judgment
denying his claim for workmen's compensa-
tion benefits. On September 14, 1964, the
claimant sustained an accidental injury
arising out of and in the course of his
employment while operating a self-propelled
agricultural machine known as an "ensilage
cutter." The cutters and rollers of the
machine became clogged with weeds causing
the machine to stop cutting. As appellant
attempted to kick the weeds from the
machine, his foot and ankle were severed
from his leg. The trial court found that

the employer was a farmer and not engaged in any extra-hazardous occupation. Judgment was entered accordingly and the claimant appeals.

There is no substantial dispute in the evidence. Appellee was rather an extensive farmer and produced ensilage on his own farm for the purpose of feeding cattle in his own feeding operation and also supplied ensilage under contract to other persons in the business of feeding cattle. He farmed 120 acres, usually cutting from 10 to 20 tons of ensilage per acre therefrom annually. In addition to cutting crops of his own raising, appellee from time to time purchased crops of other farmers and cut them in the field for use in his ensilage business. The crop that was being cut at the time of the accident had not been grown by the employer and the ensilage was being sold to other feeders. While claimant was primarily employed to tend the employer's machinery on the farm, he did the usual farm duties about the premises, such as operating the ensilage cutter when necessary.

Appellant contends that appellee was engaged in a commercial enterprise separate from his farming operations and, therefore, was not excluded from coverage under the act as an employer of farm laborers pursuant to § 59–10–4, subd. A, N.M.S.A. 1953. See 140 A.L.R. 399 and 1A Larson, Workmen's Compensation Law, § 53.33. Conceding for the moment that the employer was engaged in a commercial enterprise and not farming, he failed to show that such enterprise was within the purview of any one of the extra-hazardous occupations enumerated in § 59–10–10, N.M.S.A. 1953. Thomas v. Gardner, 75 N.M. 371, 404 P.2d 853. See, also, Chapman v. Anison, 65 N.M. 283, 336 P.2d 323; Garrison v. Bonfield, 57 N.M. 533, 260 P.2d 718; Williams v. Cooper, 57 N.M. 373, 258 P.2d 1139; McBee v. Hale, 56 N.M. 53, 239 P.2d 737; Hernandez v. Border Truck Line, 49 N.M. 396, 165 P.2d 120; Rumley v. Middle Rio Grande Conservancy Dist., 40 N.M. 183, 57 P.2d 283; and Koger v. A. T. Woods, Inc., 38 N.M. 241, 31 P.2d 255.

Appellant, however, argues that ensilage cutting comes within the definition of "milling," a statutorily designated extra-hazardous occupation. Section 59–10–12(c), N.M. S.A.1953, then in effect, reads:

" 'Mill' means any plant, premises, room or place where machinery is used, any process of machinery, changing, altering, or repairing any article or commodity for sale or otherwise together with the yards and premises which are part of the plant, including elevators, warehouses and bunkers, saw mill, sash factory or other work in the lumber industry."

No case is cited and our research discloses none holding an ensilage cutter to be within the definition of a "mill," under similar statutes enumerating extra-

hazardous occupations. On the other·hand, certain farm machineries have been held. not to be within the statutory definition of "milling." In Vincent v. Taylor Bros., 180 App.Div. 818, 168 N.Y.S. 287, it was held that a commercial threshing operation was not within the extra-hazardous occupation of "milling."

In Barney v. Anderson, 116 Wash. 352, 199 P. 452, the court summarily rejected the contention that a hay-baling machine was within the purview of that state's compensation act. The Washington statute enumerates and defines hazardous occupations in substantially the same language as our own statute.

The Wyoming court also had occasion to discuss the meaning of "factory," "workshop," and "mill" under a statute similar to our own. In In re Roby, 54 Wyo. 439, 93 P.2d 940, the court stated that the legislature's minute descriptions of factories, workshops, and mills would exclude hay-baling operations as listed occupations.

We note, however, that in Raney v. State. Industrial Acc. Commission, 85 Or. 199, 166 P. 523, that court held that an ensilage cutter was within the definition of "feed-mill." But the Oregon legislature promptly amended its statute to specifically include the operation of an ensilage cutter when incidental to farming. Peterson v. State Industrial Acc. Commission, 140 Or. 326, 12 P.2d 564.

·We ·also notice that under so-called Factory Acts, requiring certain safety equipment in "all manufacturing, mechanical and other establishments" or in "plants," it has been held that ensilage cutters were not within the purview of the acts. Johnson v. Bear, 225 Mo.App. 1097, 40 S.W.2d 481; and Groat v. Clausen, 139 Neb. 689, 298 N.W. 563.

While this court recognizes that the purpose of our workmen's compensation legislation is to provide a humanitarian and economical system of compensation for injured workmen, and that such legislation should be given a liberal construction in favor of a claimant, still we have said that· the provisions of the act may not be disregarded in the name of liberal construction. Kosmicki v. Aspen Drilling Company, 76 N.M. 234, 414 P.2d 214. The New Mexico cases cited earlier show a reluctance to strain the construction of the statute so as to bring occupations within the legislative enumerated list of extra-hazardous occupations.

Having concluded that the finding of the trial court that at the time of the injury appellant was not engaged in any extra-hazardous business or occupation is supported by substantial evidence, it was not error to deny appellant's requested findings and conclusions to the contrary. The conclusion.reached eliminates a discussion of appellee's cross-appeal.

The judgment should be affirmed. It is so ordered.

MOISE, J., and SPEISS, J., Court of Appeals, concur.